## CARSON v. CARSON.

No. 21385.  Oct. 24, 1933.

Rehearing Denied Nov. 14, 1933.

Harry O. Glasser, for plaintiff in error.

Warren K. Snyder, for defendant in error.

RILEY, C. J. The defendant in error, Ethel Carson, commenced this action against the New York Life Insurance Company and Nina L. Carson, plaintiff in error. The action against the New York Life Insurance Company is for recovery upon an ordinary old line life insurance policy for the sum of $2,000, issued by the company upon the life of Clark C. Carson, the then husband of the plaintiff. The policy was dated June 21, 1927. The beneficiary therein was named as "Ethel H., wife of the insured (with right on the part of the insured to change the beneficiary in the manner herein provided)." As against the defendant Nina L. Carson, plaintiff alleged that said Nina L. Carson, the mother of insured, was claiming and pretending to be entitled to the benefits of said insurance policy in that she was claiming that Clark C. Carson, in his lifetime, made an assignment of said policy to her or changed the beneficiary in said policy from plaintiff to her. She then alleged that no effective assignment of change of beneficiary had ever been made, in that the policy provided:

"The insured may from time to time change the beneficiary, unless otherwise provided by indorsement on this policy or unless there be an existing assignment of this policy. Every change of beneficiary must be made by written notice to the company at its home office accompanied by the policy for indorsement of the change thereon by the company, and unless so indorsed the change shall not take effect. After such indorsement the change will relate back to and take effect as of the date the insured signed said written notice of change whether the insured be living at the time of such indorsement or not, but without prejudice to the company on account of any payment made by it. before receipt of such written notice at its home office."

And:

"No change of beneficiary shall take effect unless indorsed on this policy by the company at the home office."

The defendant insurance company filed its answer, in which it admitted the execution and delivery of the policy, in the sum of $2,000, upon the life of Clark C. Carson, naming Ethel H. Carson, wife of said insured, as the beneficiary, and that the amount

then due upon said policy, with accrued dividends, was $2,025.14. It then alleged:

"Further this answering defendant shows to the court that it has always stood ready and willing to pay the entire amount of said policy of insurance with accrued dividends amounting to the aforesaid sum of $2,025.14, to the beneficiary in said policy named, since the receipt by the defendant of proofs of the death of the said Clark C. Carson."

It then pleaded that on or about April 25, 1929, and during the lifetime of the insured, it received a written instrument purporting to be signed by the insured, directing the payment of the proceeds of said policy to Nina L. Carson, instead of the beneficiary named in the policy.

The instrument referred to reads as follows:

"April 25, 1929.
"New York Life Insurance Co.
"New York, N. Y.

"Gentlemen: It is my desire and you are instructed to change the beneficiary of a $1,000 policy I now have on my life in your company from my wife, Ethel Helen Carson, to, and make my mother, Mrs. Nina Lee Carson such beneficiary in case of my death.
"Respt. Yours
"(Signed) Clark C. Carson."

It then pleaded that in reply thereto the insurance company returned said notice to the legal representative of said Nina L. Carson, advising that no change of beneficiary could take effect unless indorsed on the policy at the home office during the lifetime of the insured, and suggesting that the possession of the policy be obtained and that it be submitted to the company with the request for change of beneficiary. It acknowledged full liability on the policy, but alleged that it could not without risk of liability to itself determine to whom payment should be made; that plaintiff, Ethel H. Carson, the beneficiary named in the policy, and Nina L. Carson, the party named in the request for change of beneficiary, were each claiming payment to them; that it was a mere stakeholder and disclaimed any interest in the controversy except that upon payment it was entitled to the surrender and cancellation of the policy; that it was willing to pay into the registry of the court the full sum due, and asked to be discharged upon such payment.

Defendant Nina L. Carson answered, admitting that Clark C. Carson during his lifetime was the husband of plaintiff, Ethel H. Carson, and that said Ethel H. Carson was named as beneficiary in the policy. She then pleaded, in substance, that the request for change of beneficiary referred to was for the purpose of giving her, Nina L. Carson, the whole of the proceeds of said policy and to effect a change of beneficiary; that Ethel H. Carson had, before the death of the insured, left his home and took said policy without the knowledge or consent of the insured and against his wishes; that due demand was made upon her for the policy for the purpose of having the change of beneficiary indorsed thereon, and that the demand was refused, and that by reason thereof said Clark C. Carson had done all he could to comply with the terms of said policy, but was unable to send same to the company for indorsement of change of beneficiary by reason of the refusal of plaintiff to surrender possession thereof.

Plaintiff replied thereto by general denial, and specifically denied that she ever left the home of her husband; that the policy was taken out in the first instance at her suggestion and request; that she paid the first and all subsequent premiums thereon, and that the policy was delivered to her and had ever since been in her possession. Both the answer of defendant Nina L. Carson and the reply of plaintiff, Ethel H. Carson, contained many allegations concerning the actions and conduct of each toward the other and toward the deceased, Clark C. Carson, wholly immaterial and unnecessary for the determination of the question as to which of the two is entitled to the proceeds of the policy.

A jury was impaneled to try the issues and some 500 pages of evidence was introduced, most of which goes to matters wholly immaterial and foreign to the question involved in the action.

At the close of the evidence plaintiff moved for a directed verdict, which motion was sustained and verdict was returned and judgment entered for plaintiff and against the defendant Nina L. Carson, and she appeals.

The assignments of error are, in effect that the verdict so directed is not sustained by sufficient evidence, and is contrary to law, and that the court should have submitted the issues to the jury for its voluntary verdict thereon. Plaintiff in error does not, however, point out any issue or question of fact in dispute which should have been presented to the jury.

Plaintiff in error says in her brief that the action of the trial court in directing a verdict presents the controversy in this appeal, and submits two propositions or subdivisions: (a) That the insurance company by payment of the money into court rendered effective the attempted change of beneficiary; (b) that the insured brought himself within some one of the recognized exceptions to the general rule requiring a surrender of the benefit certificate in compliance with the laws of the insurer governing change of beneficiary.

Three alleged recognized exceptions to the general rule are stated. The first is conceded not to be applicable and need not be stated. The second: If it is beyond the power of the insured to comply literally with the regulations, a court of equity will treat the change as having been legally made. The third is: If the insured has pursued the course pointed out by the by-laws and has done all in his power to change the beneficiary, but before a new certificate is issued he dies, a court of equity will decree that to be done which ought to have been done, and act as though the certificate had been issued.

It appears that when insured sent the request for change of beneficiary, dated April 25, 1929, he did so by and through one Joseph V. Fitts, an attorney located in Oklahoma City. On May 7, 1929, the insurance company, apparently in response to the letter of Fitts, enclosing the request, wrote Fitts as follows:

"New York, May 7, 1929.
"Mr. Joseph V. Fitts,
"1224 E. 18th Street,
"Oklahoma City, Okla.

"Replying further to your communication of the 26th ultimo regarding policy 9 899 850 —Carson.

"Dear Sir:

"We return herein the insured's request for change of beneficiary dated April 25, 1929, in favor of Mrs. Nina Lee Carson, his mother, and advise you that no change of beneficiary takes effect unless indorsed on the policy at the home office of this company.

"We can only suggest that the insured take the necessary legal steps to obtain possession of this policy, and when he secures the same he can then submit the enclosed request for change of beneficiary for our consideration together with the policy for the necessary indorsement."

When the request was sent to the company it described the policy as being one for $1,000. After the request was returned to him, Fitts, having ascertained that the policy was for $2,000 instead of $1,000, took the request to Carson, and, in his presence and in the presence of the other witnesses, changed the figures from $1,000 to $2,000. Shortly thereafter, about May 10, 1929, he took the request to the local office of the insurance company in Oklahoma City, and presented it to a representative of the company, who again informed him that it would be necessary to present the policy and refused to accept the request unless the policy was presented. Thereupon he returned the same to Clark C. Carson and advised him to employ an attorney who had time to attend to the matter. He testified that whatever he did in the matter was as a friend and not as an attorney.

The insured, Clark C. Carson, died October 7, 1929, without any further steps being taken toward a change of beneficiary except that Fitts testified that he mailed a letter to plaintiff at Wewoka, Okla., requesting a return of the policy. There is no evidence that she received the letter, and she testified positively that she did not. She also testified positively that no demand or request was ever made on or to her for possession of the policy, and that it was delivered to her in the first instance with the knowledge of Clark C. Carson, and had at all times thereafter been in her possession.

The general rule is that where a third person is originally designated the beneficiary, a change cannot be effected without his consent unless provision is made therefor in the policy or contract or in a statute which becomes a part of the contract. 37 C. J. 582.

But here the policy or contract expressly provides for such change. As to the mode of making the change, the rule is:

"Policies authorizing a change of beneficiary usually specify the mode of effecting the change, as by filing a written notice or request, accompanied by the policy, at the home office of the company, and the indorsement of the change on the policy by the company. In order to effect a change of beneficiary the mode prescribed by the policy must be followed, it being held in some cases that a substantial compliance is necessary and in others that a strict compliance is required. A mere unexecuted intention to change the beneficiary is not sufficient. The company has a right to insist upon compliance with the provisions of the policy, and while it may waive or be estopped to assert provisions intended for its benefit and protection, a waiver by it after the

death of the insured is ineffectual as against the original beneficiary."

Under the record in this case it cannot be said that a change of beneficiary was at any time made in the mode prescribed by the policy. Neither can it be said that the company did anything at anytime during the lifetime of the insured by which it waived the provisions of the policy in this respect. On the contrary, the record discloses that the insurance company positively declined to recognize the request for a change of beneficiary except upon a return of the policy as provided in the contract.

As to the third class of exceptions, it can in no sense be said to be applicable. If applicable at all in case of old line policy, the record discloses that the insured did not pursue the course pointed out by the policy for a change of beneficiary and did not do all in his power to effect such change. As pointed out, it was twice called to his attention some five months before his death that the insurance company was insisting upon a return of the policy and the indorsement of the change of beneficiary thereon as provided by the contract. His attention was specifically called to the requirements of the contract in this particular. Yet, knowing all this, he took no further steps, made no attempt to obtain possession of the policy, and thereby, in effect, abandoned the effort to change the beneficiary.

The only other proposition contended for by plaintiff in error is that the insurance company, by the payment of the money to the court, rendered effective the attempted change of beneficiary.

Upon this question it may be said that the authorities are not in harmony. Plaintiff in error cites Thomas v. Locomotive Engineers Ins. Ass'n (Iowa) 183 N. W. 629, 15 L. R. A. 1240, as the leading case upholding her contention. In that case it is incidentally pointed out that the insurance association did not quibble and did not make any objection whatever to the noncompliance with any of its by-laws, but paid the avails into court to be awarded to whom may be proved the owner. Other language is used indicating that such action, although after the death of insured, indicated a waver by the association.

But from the opinion as a whole it appears that the holding is that the association had waived compliance with its by-laws in the matter of change of beneficiary by acts occurring long before the death of the insured. This is clearly reflected in paragraphs 6 and 7 of the syllabus. But there are other cases cited wherein it is specifically held that payment of the money into court, interpleading, and asking the court to determine which of two or more claimants is entitled thereto amounts to waiver of compliance with the by-laws in case of fraternal benefit associations, or the provisions of the policies in old line insurance cases. Belzoni Bank v. Hodges, 132 Miss. 238, 96 So. 97; Frakes v. Brotherhood Locomotive Firemen (Mo. App.) 204 S. W. 26; John Hancock Mut. Life Ins. Co. v. Bedford, 36 R. I. 116; John Hancock Mut. Life Ins. Co. v. White, 20 R. I. 457; Northern Life Ins. Co. v. Burkholder, 131 Ore. 537, 283 P. 739. The latter is a comparatively late case, in which it is held that by bringing the money into court, the insurer waived requirements of the policy with respect to change of beneficiary. But, upon rehearing in that case, 293 P. 919, the former ruling of the court is adhered to, but there it distinguishes that case from two former decisions of that court, Independent Forresters v. Keliher, 36 Ore. 501, and Stringham v. Dilton, 42 Ore. 63, wherein it was held that the interest of the beneficiary named in the policy vested upon the death of the insured and that the insurer could not by any act of waiver after the death of the insured defeat that vested right. The court then apparently limits the rule applied in the case to cases where there were no third persons named as beneficiary and where the beneficiary is the estate of the insured. The two former decisions of that court were not overruled.

There are many cases which hold such waiver, by whatever act, if made after the death of the insured, ineffectual as against the original beneficiary. Independent Order of Forresters v. Keliher, supra; Stringham v. Dillon, supra; McLaughlin v. McLaughlin, 104 Cal. 171, 37 P. 865; Ireland v. Ireland, 42 Hun (N. Y.) 212; Keener v. Grand Lodge, 38 Mo. App. 543; Freund v. Freund, 218 Ill. 189.

It is universally held that the rights of a beneficiary named in the policy become vested upon the death of the insured.

In Clark v. Met. Life Ins. Co. (Me.) 135 357, it is held:

"Insurer cannot destroy vested rights of first beneficiary under life policy by waiving requirement of indorsement of change of beneficiary thereon."

In the body of the opinion, it is said:

"If we concede the rights of the company to waive its own rights, yet it would be a

strange doctrine which would hold that the company could destroy vested rights of a third person by waiver of any right which the company might claim to possess."

In Ringler v. Ringer (Md.) 144 Atl. 221, it is held:

"Respective rights of beneficiaries under contract or policy of insurance issued by relief department of employer become fixed and vested at death of insured.

"Bill of interpleader does not operate as waiver of any defects in claim of beneficiary under insurance policy in controversy between beneficiaries claiming under different rights.

"Where by-law of insurer provides that there shall be no change in beneficiary until some act involving discretion has been performed by insurer or its designated agent, insurer cannot waive performance of such act by anything it may do after death of insured."

In Berg v. Damkoehler, Adm'r, 112 Wis. 587, it is held:

"After the death of the insured in such a case the company could not waive compliance with its rules in respect to change of beneficiaries or affect the legal rights of the persons interested, by paying the money into court."

In the body of the opinion, it is said:

"Unless the change of beneficiaries has been properly made before the death of the insured, or something done equivalent thereto under the exceptions mentioned, the company was bound absolutely to pay the amount of the policy to plaintiff. After the death of the insured, the company could not change the legal rights of the person entitled to the money by payment into court. See Wendt v. Iowa Legion of Honor, 72 Iowa, 682; Shuman v. A. O. U. W., 110 Iowa, 642."

In Freund v. Freund, supra, it is said:

"The rights of a beneficiary in a life insurance policy become fixed at the death of insured, and are not affected by a contemplated change of beneficiary, which insured had intended to make, but which had not been perfected in accordance with the statute and terms of the policy at the time of his death.

"An insurance company cannot, after the death of insured and the consequent vesting of the rights of the beneficiary, waive, as against the beneficiary, provisions of the policy relative to change of beneficiary."

"The act of an insurance company in filing a bill of interpleader and paying the proceeds of the policy into court cannot be urged by either of the claimants as against the other as a waiver by the company of noncompliance by insured with provisions of the policy for changing the beneficiary."

The greater weight of authority, and we think the better reasoning, is that the insurer cannot by any act on its part, after the death of the insured, such as paying the money into court or otherwise, defeat the vested right of the beneficiary named in the policy. In most of the cases holding otherwise there are strong equities in favor of the substituted beneficiary, but in this case, under the record, we think both the law and the equity, if it can be said that there is any question of equity involved, support the judgment of the trial court, and said judgment is affirmed.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, and BUSBY, JJ., concur. WELCH, J., absent.