O'NEAL v. O'NEAL.

No. 29990.   Dec. 15, 1942.

Rehearing Denied Oct. 5, 1943.

*141 P. 2d 593.*

Milton W. Hardy and John M. Wheeler, Jr., both of Tulsa, for plaintiff in error.

Roscoe E. Harper, Bradford J. Williams, Fenelon Boesche, and Richard P. Ryan, all of Tulsa, for defendant in error.

ARNOLD, J.   This is an action at law triable to a jury on an insurance policy issued by the defendant company on

the life of Floyd F. O'Neal, by the widow of the insured, Katherine Louise O'Neal, against the defendant company and the sister of the insured, Valeria Gladys O'Neal.

The parties to this appeal occupied reverse relative positions in the lower court; they will be referred to hereinafter as they appeared below.

The following facts were conclusively shown at the trial: The plaintiff was the wife of the insured and remained such until his death on the 21st day of June, 1939; the policy of insurance sued on was issued March 22, 1937, and was in force at the time of the death of the insured; for several months prior to death the insured was ill with tuberculosis and the plaintiff took his job as ticket agent for a bus line; the plaintiff was the designated beneficiary and paid the premiums thereon for a long time prior to insured's death and had possession of the policy at the time of his death; the insured executed, on form prescribed and furnished by the company, a written application for change of beneficiary on June 12, 1939, and delivered same to the agent of the company, who transmitted it by mail to the company on June 13th, along with a letter from the agent to the company advising the company that the wife had possession of the policy; the defendant, sister of the insured, was designated as substitute beneficiary in the application for change of beneficiary; the company, on June 15th, answered the letter of the agent in the following manner:

"Mr. Herman Meredith,
    "Box 200,
        "Tulsa, Oklahoma.

"Dear Herman:-

"Jack has handed me your letter of June 13, regarding Policy 262 775, Floyd F. O'Neal.

"The request for change of beneficiary under the policy has been placed in our files as a matter of record. According to the policy provisions, a requested change of beneficiary does not become official until it is indorsed upon the

policy by an officer of the Company. In circumstances of the kind outlined in your letter, we usually request that the insured furnish us the last known address of the former beneficiary who was in possession of the policy, so that we may write her to the effect that she was designated as a revocable beneficiary, that full control of the policy rests in the insured, that a properly complete request for change of beneficiary had been submitted and that we request the policy be returned to us for proper indorsement. The former beneficiary is informed that if the policy is not surrendered within ten days, the new beneficiary requested by the insured will be the regularly designated beneficiary, inasmuch as the insured has substantially complied with the requirements for change of beneficiary.

"Therefore, if you will furnish us with the last known address of the previous beneficiary, we shall make the attempt to obtain the policy, hoping it will be possible to have her surrender it.

"Very truly yours,

"Milt
"Department Manager.
"SMH.s"

The agent furnished the address of the plaintiff and on June 22, 1939, the company wrote the plaintiff (widow) the following letter:

"Mrs. Katherine L. O'Neal,
    "2036 East 12th Place,
        "Tulsa, Oklahoma.

"Dear Mrs. O'Neal:

"This letter is being addressed to you in connection with Policy 262775 insuring Floyd F. O'Neal, under which policy you were designated as the revocable beneficiary at the time the policy was issued, effective April 1, 1937.

"According to the provisions of Paragraph 5 of page 4 of the policy, the insured may change the beneficiary at any time. According to the provisions of paragraph 9 on page 4, the insured may exercise the right of changing the beneficiary without the consent of the previously named beneficiary. Therefore, since a properly completed request for change of beneficiary under the policy has been submitted to this

office in accordance with the company requirements, we should appreciate your using the enclosed self-addressed stamped envelope for the purpose of forwarding the policy to this office (sic) it is in your possession.

"Thanking you to let the policy come forward by return mail, we are,

"Very truly yours,

"Department Manager.

"EMH:s

"Open copy to
"Mr. Floyd F. O'Neal,
"924 South Houston,
"Tulsa, Oklahoma."

At the time of receipt of said letter plaintiff had already been advised of the death of her husband, the insured; she never delivered the policy; on June 22nd the agent wrote the company as follows:

"Mr. E. M. Harris,
    "Box 2612,
        "Birmingham, Alabama.

"Dear Milt:

"We seem to have run into some difficulty Monday we wrote you giving you the address of the beneficiary under Policy 262 775, Floyd F. O'Neal, so that you could write her for the policy. This morning we received a call from the father of Floyd F. O'Neal advising that he had passed away yesterday afternoon.

"Before your letter requesting the policy can reach Mrs. O'Neal, she will know of the death of the insured and certainly will not surrender the policy. Please advise me what procedure I should follow in getting the proof of death papers completed, whether the former beneficiary or the new beneficiary requested by the insured should complete the papers.

"With kindest regards, I am,

"Sincerely yours,

"Assistant General Agent.

"HM;wt"

The company then answered the agent in the following manner on June 23rd.

"Policyholders Service Department,
"E. M. Harris, Manager,
"Mr. Herman Meredith,

    "Box 200,
        "Tulsa, Oklahoma.

"Dear Herman:

"The news transmitted by your letter of June 22 is indeed *disheartening,* not only from the angle of your having to report a death claim, but also because of the circumstances surrounding the particular case. You have probably by now received a copy of our letter of June 22 addressed to the beneficiary named under Policy 262 775, Floyd F. O'Neal, but as suggested by your letter, it is highly improbable that the policy will be surrendered as requested.

"The last case in Oklahoma under circumstances somewhat similar to this occurred several years ago, at which time the proceeds were paid into court for determination of the proper recipient. Our legal department is at present checking into developments which (sic) since that time, to determine whether any leading cases have occurred which would guide present action. Until this has been done, we shall not be in a position to know how to proceed. In the meantime should either the beneficiary named in the policy, or the beneficiary named on the request for change of beneficiary dated June 12, 1939, appear at your office requesting Proof of Death forms, or should both of them appear, please have them sign the enclosed statement in the presence of two witnesses.

"We are hopeful, of course, that the case can be settled with a minimum of trouble and delay, and with kindest regards, we are.

"Very truly yours,

"Milt

"Department Manager.

"EMH:r"

As to change of beneficiary the policy provided:

"Change of Beneficiary—The insured may from time to time change the Beneficiary, unless otherwise provided by indorsement on this Policy or unless there be an existing assignment of this

Policy other than to the Company. Every change of Beneficiary must be made by written notice to the Company at its Home Office accompanied by this Policy for indorsement of the change thereon by an Executive Officer of the Company and unless so indorsed the change shall not take effect. After such indorsement the change shall relate back to and take effect as of the date the Insured signed said written notice of change whether the Insured by living at the time of such indorsement or not, but without prejudice to the Company on account of any payment made by it before receipt of such written notice at its Home Office. All such indorsements shall be made on the 'Register of Change of Beneficiary' appearing herein.

"Rights of the Insured—The Insured may, without the consent of the Beneficiary, receive every benefit, exercise every right and enjoy every privilege conferred upon him by this Policy, unless otherwise provided by indorsement herein."

In addition to the foregoing facts conclusively proven, the plaintiff averred and offered proof to establish that she paid the premiums on the policy under an oral or implied understanding with the insured that she would remain the beneficiary of the contract of insurance. All of the testimony of the plaintiff in this connection was, however, stricken by the court except that which occurred in the presence of a third party. She also testified that no demand was ever made of her by anyone to deliver the policy to the insured or to the company for any purpose prior to the insured's death.

The rights of the parties became vested at the time of the death of the insured; if a change of beneficiary had been accomplished by the acts of the insured before his death, or the company had waived the terms of the policy as to the conditions to be met by the insured precedent to change of beneficiary, then the plaintiff cannot recover unless she had a vested interest therein by reason of a binding agreement with the insured that she would remain the beneficiary. It is apparent that the insured did not fulfill strictly all the requirements of the policy to effectuate the requested change of beneficiary in that he did not furnish the policy for endorsement of the requested change thereon by the proper official of the company. This fact, however, would not change the legal aspects of this matter if the insured had done all reasonably within his power to comply with the requirements of the policy or if the company waived compliance therewith; these are well recognized exceptions to the general rule. Such provision in the policy is for the protection of the insurer and not intended to unreasonably circumscribe the right of the insured to change the beneficiary of the policy. This provision of the policy, written by the insurance company for its protection but having the effect of circumscribing the provision of the policy giving the insured the absolute right to change the beneficiary at will except in stated cases, should be strictly construed and the acts and conduct of the insured should be liberally viewed in favor of the insured in determining whether or not he did all within his power to comply with the terms of the policy as to change of beneficiary; if, under these rules, it can be reasonably said that the insured did all that could be reasonably expected of him to comply with the requirements of the hereinbefore set forth change of beneficiary provision, then the indorsement thereof on the policy thereafter should have been made by the company even after his death, if possible. Such indorsement becomes a ministerial act when and after the insured has complied with the requirements set forth to effectuate a change of beneficiary.

The defendant introduced testimony that a demand was made upon the plaintiff for the policy before the application for a change of beneficiary was made.

The testimony on this issue was ample to support a finding either way.

150

The court found on this issue that the insured had not done all in his power to effect a change of beneficiary. There was no finding of fact made by the court as to whether the insured made a demand on the plaintiff for delivery of the policy. Without a specific finding on this particular issue, we must conclude that the court arrived at the foregoing conclusion upon a determination of this issue adverse to defendant. The determination of whether or not a demand was made by the insured would be very material to a legal conclusion that the insured did all within his power to effect a change of beneficiary in compliance with the requirements of the provision of the policy and the demand of the company thereunder.

On the question of whether or not the insured did all possible to comply with the requirements of the provision of the policy regarding change of beneficiary, plaintiff contends that the case of Carson v. Carson, 166 Okla. 161, 26 P. 2d 738, is in point. That case recognizes the exception herein contended for by defendant. In view of our holding that a finding adverse to defendant on the issue of whether a demand was made by the insured for the policy inheres in the conclusion of the court that insured did not do all in his power to effect a change of beneficiary, this case is similar to the case, supra, relied upon. Therein we said:

"The insured, Clark C. Carson, died October 7, 1929, without any further steps being taken toward a change of beneficiary except that Fitts testified that he mailed a letter to plaintiff at Wewoka, Okla., requesting a return of the policy. There is no evidence that she received the letter and she testified positively that she did not. She also testified positively that no demand or request was ever made on or to her for possession of the policy and that it was delivered to her in the first instance with the knowledge of Clark C. Carson, and had at all times thereafter been in her possession.

"As to the third class of exceptions it can in no sense be said to be applicable. If applicable at all in case of old line policy, the record discloses that the insured did not pursue the course pointed out by the policy for a change of beneficiary and did not do all in his power to effect such change. As pointed out it was twice called to his attention some five months before his death that the insurance company was insisting upon a return of the policy and the indorsement of the change of beneficiary thereon as provided by the contract. His attention was specifically called to the requirements of the contract in this particular. Yet knowing all this he took no further steps, made no attempt to obtain possession of the policy, and thereby in effect abandoned the effort to change the beneficiary."

On the same proposition the defendant cites and relies upon New York Life Insurance Co. v. Wilson, 181 Okla. 363, 73 P. 2d 1133. In that case the contention was made that the insurance company had waived strict compliance with the provision regarding change of beneficiary. Generally the facts relied upon to show waiver were that the written application had been presented, received and retained by the company, and no exception taken to the course pursued in attempting to effect change of beneficiary, though explanation was made in the application why the policy was not included. Shortly thereafter, and after the death of the insured, the policy was sent into the company and the indorsement made thereon and payment made to the indorsed beneficiary.

To point out the distinction between that case and the Carson Case, supra, and the case at bar, it is only necessary to call attention to the following quotations in the New York Life Insurance Co. Case, supra:

"In the instant case, it was indorsed after the death of the insured. There was no refusal whatever on the part of the company to accept the application for change of beneficiary without the policy, while in the Carson Case the court said: 'On the contrary, the record discloses that the insurance company positively declined to recognize the request for a change of beneficiary except upon a return of the policy as provided in the contract'."

We conclude, and therefore hold, that the court did not reach an erroneous conclusion in this regard.

The trial court also found that the indorsement of the change of beneficiary upon the policy "was never at any time waived by the insurer." It will be observed from the hereinbefore quoted communications between the company, its agent, and the plaintiff that the company did not indicate its willingness to waive delivery of the policy for indorsement nor did it in any other manner indicate that it waived exact compliance with the requirements of the policy in this respect. Quite to the contrary, the foregoing letters of the company show its insistence that the policy be sent in for indorsement, and that the beneficiary could not otherwise be changed. It is conclusively shown by the record that the only attempt made by the company to obtain the policy for indorsement was after the death of the insured.

This being an action triable by a jury but tried by agreement to the court, the court's findings must be sustained if there is any competent evidence reasonably tending to support same. See New York Life Ins. Co. v. Razzook, 178 Okla. 57, 61 P. 2d 686. It is our conclusion that the evidence is sufficient to sustain the finding and conclusion of the trial court in this respect.

The trial court also found and concluded that "plaintiff also acquired a vested interest in said policy by reason of the fact that there was an implied agreement between the plaintiff and her husband, prior to the time that he attempted to effect a change of beneficiary with respect to said policy, that he would not change the beneficiary in said policy if she would thereafter pay the premiums thereon, and plaintiff did, in fact, pay the premiums thereafter accruing on said policy in reliance upon said implied agreement."

Testimony concerning conversations and communications had by the plaintiff and her deceased husband was in- troduced by her in support of her theory that she had an implied agreement with her husband to the effect that she would pay the premiums on the policy and the insured would not change the beneficiary thereof, thus vesting an interest in her before his death by reason of her payment of the premiums in compliance with said arrangements. All this character of testimony was objected to by the defendant on the grounds of incompetency of the witness (wife of insured) under 12 O.S. 1941 § 385, and incompetency of the testimony under 12 O. S. 1941 §384. The court reserved ruling on the objection to this kind of testimony, but at the conclusion of the trial struck from the record all testimony that did not occur in the presence of a third party.

This being a trial to the court, the presumption maintains that the court excluded from its consideration all incompetent testimony, if any, introduced.

The court's findings and conclusions with respect to "gift" and "implied agreement," in view of our holding herein that the court correctly determined, on competent testimony, that the insured did not do all he reasonably could to effect a change of beneficiary originally designated in the policy, such findings and conclusions are harmless. Indulging this presumption, particularly in view of the harmless nature of such testimony, it is unnecessary to pass upon the contention of the defendant with respect thereto.

Judgement affirmed.

RILEY, BAYLESS, HURST, and DAVISON, JJ., concur. WELCH, C.J., CORN, V.C.J., and OSBORN and GIBSON, JJ., dissent.