BOWSER et al. v. BOWSER et al.

No. 33416. Oct. 4, 1949.

*211 P. 2d 517.*

J. B. Underwood, of Tulsa, for plaintiffs in error.

Chauncey D. Twine, of Muskogee, for defendants in error.

JOHNSON, J. This action was instituted by plaintiff filing her amended petition individually and as guardian for her two minor children, wherein she was claiming for herself and said children as substituted beneficiaries and the original beneficiaries and the insurance company were defendants, but the insurance company later filed an affidavit and an answer in the nature of bill of interpleader. The company as insurer deposited with the court clerk to the credit of the cause of action the amount due under the policy of life insurance issued upon the life of Elmer E. Bowser. The bill called upon the old and new beneficiaries to interplead their respective claims to the deposited sum. Whereupon, Helen M. Bowser, individually and as guardian for Leland F. Bowser, a minor, filed an answer and interplea, denying any change of beneficiaries or any attempted change of beneficiaries and asking that the proceeds go to the original designated beneficiaries.

The facts are substantially as follows: The insured, Elmer E. Bowser, died on the 1st day of July, 1945, while the policy in question was still in effect. The defendants were Helen M. Bowser, divorced wife of Elmer E. Bowser, and Leland F. Bowser, the adopted minor son of Elmer E. Bowser and Helen M. Bowser. The record discloses that she was divorced from the insured on September 23, 1943, in an action by Elmer E. Bowser in the district court of Muskogee county, Oklahoma. The policy of insurance was dated on the 27th day of February, 1935. The beneficiaries named therein were Helen M. Bowser, wife of the insured, and Leland F. Bowser, insured's son. The right to change the beneficiaries was reserved to the insured. The policy provided that such change of beneficiaries could be made by the insured "by filing written notice thereof at the Home Office of the Company accompanied by the policy for suitable endorsement thereon. Such change to take effect

when endorsed on the policy, but not before."

After the insured and his wife were divorced and insured had married Rosa Lee Bowser, and two children were born, namely; Elma Etta Bowser and Elmer E. Bowser, Jr., and under date of June 15, 1945, pursuant to the terms of the policy, the insured executed and delivered to insurer his written designation and change of beneficiaries, wherein he designated Rosa Lee Bowser, wife, Elma Etta Bowser, daughter, Elmer E. Bowser, Jr., and Leland Bowser, sons, each an undivided one-fourth interest in said policy, but that the change was never endorsed upon said policy because the policy was never forwarded by the insured to the home office of the insurer for endorsement before the death of the insured.

The decisive question in this case may be stated as follows: Where a policy of life insurance, reserving to the insured the right to change the beneficiary, but without consent to the change, provides that such change will become effective only when a provision to that effect is endorsed on or attached to the policy by the company, and where the original beneficiary prevents compliance with this provision by wrongfully retaining possession of the policy in spite of efforts by the insured to secure it, does the failure of the insured, in connection with a formal request for a change of beneficiary, to submit the policy to the company for its endorsement prevent the change from becoming effective?

It was alleged by the plaintiff that the reason that the policy did not accompany the application or was not sent in to the company for a change of the beneficiaries, the insured's former wife refused to deliver the same to the insured and that being in her possession it was beyond the control of insured, and that the insured had done everything that he could to locate the policy during his lifetime, but was prevented by said ex-wife, that said ex-wife was formerly designated a one-half interest, and the son, Leland F. Bowser, one-half interest.

The evidence disclosed that the insured had made two efforts to get the beneficiaries of the policy in question changed, but had failed because he did not have possession of the policy. That his first application indicated that he thought the policy was lost. In his second application for change, he stated that his former wife had the policy and refused to deliver it to him. The evidence further discloses that the insured sought advice from an attorney as to what to do to get possession of the policy, and that he later brought legal action in the district court of Muskogee county, Oklahoma, to try to obtain possession of said policy, but died one day after instituting said action; that he at all times paid the premiums on said policy; that he wrote several letters to the company all expressing his intention and purpose to change the beneficiaries and make his wife and children beneficiaries. On the other hand, his former wife testified that she had never had possession of the policy, but that it had at all times been accessible to the insured in a drawer in a room in their former house, where she found it after insured's death.

Under the pleadings and facts, the court found the issues in favor of the plaintiffs, or the new beneficiaries.

It may be said that the change was not made in conformity with the terms of the policy, for the application was not accompanied by the policy. However, a provision in a life insurance policy that a change of beneficiary must be evidenced by an application accompanied by the policy and by endorsement on the policy was said by this court, in O'Neal v. O'Neal, 193 Okla. 146, 141 P. 2d 593, and New York Life Ins. Co. v. Wilson, 181 Okla. 363, 73 P. 2d 1133, to be for the protection

of the company to the end that it would not be made liable to pay a loss more than once. There is no risk of a double liability in this case, for the fund is in court and all rival claimants are present. In that situation, the object which the provision was intended to serve is in no danger of frustration. If there was no intent to transfer the benefits of the policy from the old to a new beneficiary and that intent was manifested by acts as complete as the circumstances would admit of, then we do not see that it is important in a court of equity, where the contest is solely between the old beneficiary and the new ones, that the transfer was not evidenced in strict accordance with a provision of the policy which was designed solely for the protection of the company. New York Life Ins. Co. v. Cannon et al., 2 Del. Ch. 269, 194 A. 412.

The general rule is that a change of beneficiary can only be effected by following the mode prescribed by the policy, however clear intention to make the change may be. Insurance companies usually require, as in this case, that the original policy be surrendered for endorsement. To this rule there is a well-recognized exception and a change is recognized where the insured has reasonably done all in his power to comply therewith but has failed because the policy is beyond his control. Bachrach v. Herrup et al., 128 Conn. 74, 20 A. 2d 395; Vance, Insurance (2d Ed.) 148; Richards, Insurance, (4th Ed.) 567; 2 May, Insurance, (4th Ed.) 3990; 7 Cooley, Briefs on Insurance, (2d Ed.) 6452 et seq.; 2 Joyce, Insurance, (2d Ed.) 746d, 849; 2 Couch, Insurance, 322; 37 C. J. 585; 29 Am. Jur., Insurance, 1317; 36 A. L. R. 771, note; Collins v. United States of America, 161 F. 2d 64; Doering v. Buechler, 146 Fed. Rep. 2d 785; Mutual Life Ins. Co. of New York v. Corodemus, 7 Fed. Sup. 349. No Oklahoma case appears to have passed on this exact point, although agreement with and approval of the rule announced in these authorities is found in O'Neal v. O'Neal, supra.

The trial court found, and from the record it occurs to us, that the insured in this case did everything that he reasonably could to make the assignment complete. The only thing that prevented him from complying with the full exactions of the contract was the possession of the policy by his divorced wife, whereby he was unable to make delivery of it along with the application for a change of the beneficiaries. It does not appear whether the divorced wife in holding the policy intended thereby to assert an attitude of opposition to the right of the insured to make the change in beneficiaries. Whether her position was one of hostility to the insured's right is not clearly revealed by the positive testimony in the case; however, there is room to say that an attitude of hostility on the part of the divorced wife, who since divorce had married again, was inferable. Whether she refused on demand to surrender the policy does not affirmatively appear. But this is not necessary to be shown. The mere fact of possession by the divorced wife raises a fair inference that the policy would not have been surrendered if demanded. McDonald v. McDonald, 212 Ala. 137, 102 So. 38, 36 A. L. R. 761; Supreme Tent K. M. v. Altmann, 134 Mo. App. 363, 114 S. W. 1107; New York Life Ins. Co. v. Cannon et al., supra. Thus an attitude of opposition arising from the circumstance of estrangement between the insured and the old beneficiary, the divorced wife, is shown clearly, if by inference alone, and from the entire record we hold that the trial court did not err in finding that the insured had done all he reasonably could to effect a change of beneficiaries in the policy.

Plaintiffs in error object to the action of the trial court in allowing insurer an attorneys fee of $150. They argue that there is no authority, even in equity cases, for allowing any such

fee; however, since the judgment of the lower court is affirmed, and the defendants in error raise no objection, we deem it unnecessary to pass upon this question.

It is also urged that the evidence was insufficient to sustain the judgment of the trial court. We are committed to the rule that findings of the court where a jury is waived are entitled to the same weight and consideration that would be given to a verdict of a jury, and this court will not reverse for insufficiency of evidence if there is any evidence including any reasonable inferences tending to support the finding. New York Life Ins. Co. v. Razzook, 178 Okla. 57, 61 P. 2d 686.

Affirmed.