Bobby Chambers SHAW, Appellant,

v.

**Michael Shaw LOEFFLER, an individual, and the Prudential Insurance Company of America, Inc., Appellee.**

No. 67481.

Supreme Court of Oklahoma.

July 24, 1990.

Louis G. Buchanan, Oklahoma City, for appellant.

Harvey L. Harmon, Sr., Oklahoma City, for appellee.

SIMMS, Justice:

Appellant, Bobby Chambers Shaw (Shaw), appeals summary judgment rendered in favor of appellee, Michael Shaw Loeffler (Loeffler). Both parties claim they are entitled to the proceeds from a life insurance policy issued by Prudential Insurance Company covering Raymond Shaw (decedent). The Prudential Insurance Company of America, Inc., paid the principal and accrued interest of the group insurance policy involved herein, into court and was then dismissed as a party to the action. Because we find no substantial controversy as to a material fact, we affirm the judgment of the trial court. The facts are largely undisputed.

Shaw alleges that decedent was her husband by common-law marriage. Two months after entering into this relationship, decedent obtained a new job in Bartlesville, Oklahoma. The new employer offered a group life insurance policy to its employees and decedent enrolled in a policy on his life designating his son, Loeffler, as the beneficiary. After working for the new employer for a couple of years, decedent's supervisor told him that he had been selected to travel overseas to represent the company in some business. The supervisor explained that decedent had only eight hours to get packed, take care of personal business and board his flight overseas. While away on this business trip, decedent died. Both Shaw and the supervisor testified that prior to leaving decedent expressed that he wished to change the designation of beneficiary on the policy from Loeffler to Shaw. Decedent told the supervisor that he would stop by the office and have a secretary prepare the necessary documentation for such a change because the policy required it to be in writing. However, a change was never made, and Shaw knows of no documentation changing the designation. Prior to his death, decedent told the supervisor that he did not make the necessary change because "it slipped his mind."

Shaw brought this action against Loeffler and the insurance company which holds the policy claiming she is entitled to the proceeds. The proceeds and interest were placed in a special account, and the insurance company was dismissed from the action. The trial court granted Loeffler's summary judgment motion, finding an "unexecuted oral intent to change beneficiary is ineffectual to change prior written beneficiary designation." Shaw appealed this ruling, and the Court of Appeals reversed, holding that a substantial dispute as to material facts existed, i.e., whether decedent had done all within his power to effect the desired change and comply with

the policy. The Court of Appeals further held that the trial court erred in not finding an exception to the rule requiring a change in beneficiary be according to the procedure provided in the policy. On writ of certiorari, we must determine whether summary judgment was proper.

Shaw argues that decedent had done all reasonably within his power to effect a change in the beneficiary and that we should recognize his clear intent to change the designated beneficiary. She opens by citing 2A Appleman, *Insurance Law and Practice*, § 1021 (1966) which states:

> "The majority rule is to the effect that if the insured has done everything in his power to effect a change of beneficiary but dies before the last act is completed, particularly when the remaining acts are ministerial ones to be performed by the insurer, the change will be regarded as complete and the new beneficiary will take the proceeds."

■ The Court of Appeals also relied on this rule in its decision. Both Shaw and the court cite *Ivey v. Wood*, Okl., 387 P.2d 621 (1963), *Bowser v. Bowser*, 202 Okl. 97, 211 P.2d 517 (1949), *Harjo v. Fox*, 193 Okl. 672, 146 P.2d 298 (1944), *O'Neal v. O'Neal*, 193 Okl. 146, 141 P.2d 593 (1942), *Carson v. Carson*, 166 Okl. 161, 26 P.2d 738 (1933) which state that a change in beneficiary on a life insurance policy can only be effected by following the procedure prescribed by that policy. Shaw asserts these cases recognize this rule as an exception to the requirement of compliance with the provisions of the insurance policy. Loeffler concedes that the cited cases do recognize an exception to strict compliance where the insured has done all in his power to comply with the policy's requirements, but has failed to finalize the change due to the non-occurrence of some ministerial act. In such instances, the courts may regard that as done which ought to be done, i.e. recognize the change in beneficiary. We acknowledge that this exception is well-settled in Oklahoma. However, we note, as Loeffler argues, that *Carson*, supra, 26 P.2d at 741, teaches that a "mere unexecuted intention to change the beneficiary is

not sufficient" to meet such an exception. He contends that since decedent merely expressed an intent to change the beneficiary with nothing more, the exception does not apply, and a change cannot be recognized by a court of law. We must agree.

■ In passing on summary judgment, we must study the pleadings, depositions and affidavits submitted by the parties, and consider all the facts and inferences contained therein in the light most favorable to Shaw, *Redwine v. Baptist Medical Center of Oklahoma, Inc.*, Okl., 679 P.2d 1293, 1295 (1983). In doing so, it certainly appears that decedent probably intended to change the beneficiary because decedent discussed such intentions with his supervisor and went to his office to have his secretary take care of the formalities. His secretary was gone at the time. Decedant may have decided to make the change after returning from his trip or he may have forgotten to make the change. Regardless, decedent did not do all in his power to effect the change. The supervisor testified that decedent need only have filled out a form requesting the change and the rest would have been taken care of by others. The evidence does not disclose any attempt by decedent to obtain and submit a form requesting a change of beneficiary.

Upon review, we do not find any substantial controversy as to a material fact. Thus, as a matter of law, Loeffler is entitled to summary judgment in his favor. *Hinson v. Cameron*, Okl., 742 P.2d 549, 551 (1987). The trial court did not commit error in granting summary judgment nor in refusing Shaw's Motion for New Trial.

Accordingly, the Court of Appeals Opinion is vacated and judgment of the trial court is AFFIRMED.

HARGRAVE, C.J., OPALA, V.C.J., and HODGES and LAVENDER, JJ., concur.

ALMA WILSON, KAUGER and SUMMERS, JJ., dissent.