982 F.2d 528
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rodnie R. HESTER, also known as Rodney R. Hester, Plaintiff-Appellant,
v.
GREAT AMERICAN LIFE INSURANCE CO., Defendant-Appellee.
 No. 92-6141.
 United States Court of Appeals, Tenth Circuit.
 Dec. 18, 1992.
 
 Before McKAY, Chief Judge, and SEYMOUR and PAUL KELLY, Jr., Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Rodnie R. Hester appeals from an order of the district court granting defendant Great American Life Insurance Co.'s motion for summary judgment. We affirm.
 
 
 3
 In 1981, defendant issued a ten-year renewable term life insurance policy to Kay M. Hester. Plaintiff, then married to Ms. Hester, was named as the primary beneficiary. The Hesters divorced in 1986. Ms. Hester, owner of the policy, retained the right to change beneficiaries. Plaintiff remained the primary beneficiary and paid all premiums until Ms. Hester's death in 1991. Plaintiff then notified defendant of the death and his intent to claim the policy proceeds.
 
 
 4
 Five days after Ms. Hester's death, defendant received a request, signed by Ms. Hester the day prior to her death, to change the primary beneficiary from plaintiff to the trustee of a trust set up for the benefit of her daughters. Upon verification of the trust, defendant paid the policy proceeds to it. Plaintiff brought this diversity action claiming the right to the policy proceeds of $100,000.00, damages for emotional distress in the amount of $50,000.00, and punitive damages of $10,000,000.00.
 
 
 5
 On appeal, plaintiff argues that the district court erred in granting defendant's motion for summary judgment because genuine issues of material fact exist. Plaintiff also argues that the district court erred as a matter of law.
 
 
 6
 We do not address plaintiff's argument concerning disputed facts. In his brief, plaintiff states that he takes issue with twelve undisputed facts set forth by defendant in its brief in support of its motion for summary judgment. Not only does plaintiff not identify the facts he disputes, aside from references to numbered paragraphs in defendant's brief, but he did not include a copy of the brief in his appendix. Although defendant did include a copy in its appendix, this court will not " 'sift through' the record in search of [plaintiff's] contentions of error" to manufacture his arguments for him. SEC v. Thomas, 965 F.2d 825, 827 (10th Cir.1992). We defer to the district court's holding that no genuine issues of material fact exist.
 
 
 7
 Plaintiff argues he is entitled to the proceeds because, although Ms. Hester properly submitted the change of beneficiary, defendant did not endorse the change on the policy prior to Ms. Hester's death. The policy provided that to change beneficiaries, "[C]hanges must be in writing on our forms and must be received at our office. We may ask you to return this policy so we can endorse your change on it." Appellee's Supp.App. at 29.
 
 
 8
 Plaintiff argues that because defendant did not require endorsement of the change on the policy, endorsement was a discretionary act and, as such, could not be performed after Ms. Hester's death. Plaintiff misunderstands the use of the word "discretionary" in this context. A discretionary act is an act, taken by a person with power to designate a beneficiary, which actually identifies that beneficiary. See Harjo v. Fox, 146 P.2d 298, 302 (Okla.1944). Defendant possessed no power to change the beneficiary. See, e.g., id. (Secretary of Interior's consent to insured's request for change of beneficiary required by statute; because consent not obtained prior to insured's death, a discretionary act remained to be completed and change was not effective). While discretionary acts must occur prior to the death of the insured, id., only Ms. Hester could perform the discretionary act of designating a beneficiary. Therefore, the beneficiary designation was completed prior to Ms. Hester's death.
 
 
 9
 Ministerial acts are acts which are a matter of certainty and require only time for their completion. Id. Endorsement of the policy by defendant was a ministerial act. See American Nat'l Ins. Co. v. Reid, 108 F.Supp. 428, 430 (W.D.Okla.1952). Here, defendant had discretion only as to whether or not it would require performance of that ministerial act.
 
 
 10
 Further, an endorsement provision in a policy is for the protection of the insurer. See O'Neal v. O'Neal, 141 P.2d 593, 597 (Okla.1942); Bowser v. Bowser, 211 P.2d 517, 519 (Okla.1949). Therefore, that requirement can be waived. See Reid, 108 F.Supp. at 429 (endorsement provision for insurer's benefit and may be waived where uncompleted act deemed "merely ministerial"). Defendant clearly waived the endorsement provision by depositing the proceeds in the trust. Cf. O'Neal, 141 P.2d at 598.
 
 
 11
 Plaintiff argues that his right to the proceeds vested at the time of Ms. Hester's death. While the rights of the parties do vest at the time of the insured's death, this fact does "not change the legal aspects of this matter if the insured had done all reasonably within h[er] power to comply with the requirements of the policy" and change the beneficiary prior to her death. Id. at 597; see also Shaw v. Loeffler, 796 P.2d 633, 635 (Okla.1990) (change in beneficiary can only be effected by following procedure prescribed in policy except where insured has done all in his power to comply with procedures, but "failed to finalize the change due to the non-occurrence of some ministerial act"). Ms. Hester had done all she could to effect the change. The district court correctly granted summary judgment for defendant.
 
 
 12
 Finally, defendant argues that this court lacks jurisdiction to rule on plaintiff's motion for partial summary judgment because the district court's order denying a similar motion is not appealable. We read plaintiff's brief as asking us to reverse the district court's judgment, enter judgment as a matter of law for plaintiff, and remand this case for determination of punitive damages. Based on our holding that the district court correctly entered summary judgment for defendant, this issue is moot.
 
 
 13
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3