### In re GREENBERG.

### Petition of JOHN HANCOCK MUT. LIFE INS. CO.

(Circuit Court of Appeals, Second Circuit.　January 14, 1921.)

#### No. 112.

1. Insurance ⊜⟶536—Beneficiary of life policy subject to displacement has no vested interest.

    The beneficiary of a life insurance policy, who may at any time be displaced as beneficiary by the insured against his will, cannot have a vested interest.

2. Bankruptcy ⊜⟶143 (12)—Trustee may enforce payment of surrender value of life policy.

    Where a bankrupt's trustee has become owner, as an asset of the estate, of a policy of insurance on the bankrupt's life, having a surrender value, payable to bankrupt's wife as beneficiary, but containing a provision that the insured could change the beneficiary "from time to time with the consent of the company by written notice to said company," provided, however, that "no other than the insured's estate, father, mother, husband, wife or dependent child will be made beneficiary under this policy," the company has no interest which can justify its refusal to pay the surrender value to the trustee.

    Ward, Circuit Judge, dissenting.

---

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the Matter of Joseph Greenberg, bankrupt. Petition by the John Hancock Mutual Life Insurance Company to revise an order of the District Court. Affirmed.

Greenberg became bankrupt while in possession of a policy of life insurance in the Hancock Company. The policy had been obtained some years before petition filed, by the bankrupt himself, and therein his wife was designated as beneficiary. The lower court has found as a fact that Mrs. Greenberg never did "at any time take out, own, or pay for the policy" above named.

By the policy terms the insured bankrupt could "change the beneficiary from time to time with the consent of the company by written notice to said company," provided, however, that "no other than the insured's estate, father, mother, husband, wife or dependent child will be made beneficiary under this policy."

This proceeding began by the trustee (having the policy in possession) demanding that the insurance company pay him the surrender value of the same. From this we assume that previous demand had been made upon the bankrupt, pursuant to section 70 of the act (Comp. St. § 9654), that he pay the trustee such surrender value, that he had declined so to do, and that the policy had therefore, pursuant to the statute, passed to the trustee as assets. No other assumption is consistent with the form of this proceeding, which is an application to compel the insurance company to pay over said surrender value pursuant to the trustee's requirement.

The insurance company appeared, has never objected to the jurisdiction, and contended, and still contends, that the policy is vested in the wife, or (if no such vesting has actually taken place) that it, as insurer, may refuse to give its consent to any change of beneficiary and thereby defeat the trustee's claim.

The District Court, having made the finding of fact above set forth, held that the insurance company's action was unwarranted and "arbitrary." It therefore entered an order requiring the payment of the admitted surrender value. To review such order this petition was filed.

Frederick C. Tanner, of New York City (Morris E. Kinnan, of New York City, on the brief), for petitioner.

Bernard Bernbaum, of New York City, for trustee in bankruptcy.

Before WARD, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] The beneficiary of a life insurance policy, who may at any time be removed from the benefited position by the insured and against the beneficiary's will, cannot have a vested interest. In Grems v. Traver, 87 Misc. Rep. 644, 148 N. Y. Supp. 200, affirmed 164 App. Div. 968, 149 N. Y. Supp. 1085, there was one policy considered much like the one at bar; but the court held as a fact that such policy "was taken out for the especial benefit of the wife under agreement that it should be held for her protection." No such agreement is here shown, and it may be noted that the cases from United States courts cited and relied on in the Grems Case are from lower courts, and for the most part wholly inconsistent with the subsequent decision in Cohen v. Samuels, 245 U. S. 53, 38 Sup. Ct. 36, 62 L. Ed. 143.

This being a petition to revise, we can inquire only into the law; the facts (unless without any evidence to support them) we must take as found by the lower court. That court having declared that the

bankrupt's wife never took out, owned, or paid for the policy, there is no ground for asserting that the wife was within the protection of section 52 of the Domestic Relations Law (Consol. Laws, c. 14) of this state. By "owned" we take it that the District Judge meant that the policy had not vested in the wife, which is the meaning in which we used the word in Re Samuels, 254 Fed. 776, 166 C. C. A. 221.

[2] This case presents but one point, for, strictly speaking, the wife is not before us at all; she is not making any claim to the policy or the proceeds thereof; she is not a party to this proceeding, which is against the insurance company alone, and at bar that company substantially takes the position that it can, by refusing consent to a change of beneficiary, secure to the wife the enjoyment of that to which she makes no demand. This raises the question as to the scope of the phrase which gave to the insured the right of changing his beneficiary "from time to time with the consent of the company by written notice to said company."

It is doubtless true that where a specific and formal manner of changing beneficiary, issuing new certificate or policy of insurance, or of assigning the policy itself, is agreed to and plainly expressed when the policy is obtained, no other method of effecting such change or assignment can ordinarily be recognized, at least as between conflicting claimants. The matter is amply discussed in Freund v. Freund, 218 Ill. 189, 75 N. E. 925, 109 Am. St. Rep. 283; and see a long list of citations in L. R. A. 1915A, 109.

But the contest here is not between the original beneficiary and another person selected for succession by the insured. By force of the bankruptcy statute the trustee has succeeded by operation of law to all the rights of the bankrupt in the premises. For practical purposes this contest is between the insured bankrupt and his insurer, and the question would be the same if Greenberg had attempted to substitute for his wife another beneficiary (within the class limited in the policy) and the company refused consent to the change. Under such circumstances it is to be remembered that this exact provision for the consent of the company to the change is solely for its own protection. John Hancock, etc., Co. v. White, 20 R. I. 457, 40 Atl. 5. And so the question becomes this: Can the insurer coerce the will of the insured in respect of change of beneficiary, although its own rights are not in any way endangered?

No similar proceeding on the part of an insurer can, we think, be discovered in the books; but on principle the matter is covered by the decision of Justice Brown, then District Judge, in Supreme, etc., v. Cappella (C. C.) 41 Fed. 1, and Lahey v. Lahey, 174 N. Y. 146, 66 N E. 670, 61 L. R. A. 791, 95 Am. St. Rep. 554, to the effect that where the insured is physically unable to comply with the formalities, or where the insurer itself is so physically unable, equity will deem that to be done which ought to have been done and proceed accordingly. In the present instance there is no physical inability; there is a flat refusal to perform on the part of the insurer, for reasons having no relation to its own security, or indeed to its own business. It is avowed at bar that the company prefers to pay the bankrupt's wife

the whole of the policy rather than pay the trustee the surrender value thereof.

Bankruptcy is equity, and just as it will presume on occasion that that has been done which ought to be done, so on other occasions it will compel that to be done which ought to be done. This is one of those occasions.

The order under review is affirmed, with costs.

WARD, Circuit Judge (dissenting). The question in this case is whether the beneficiary of the policy can be changed without the Insurance Company's consent. This is a question of law which we can dispose of upon petition to revise. Of the cases cited by the court, Grems v. Traver, 87 Misc. Rep. 644, 148 N. Y. Supp. 200, involved a policy under which the insured had the right to change the beneficiary at any time, and in John Hancock Insurance Co. v. White, 20 R. I. 457, 40 Atl. 5, the court held that the company was estopped from refusing to consent to the change.

I cannot see how any court can delete this provision of a contract or say that it will be disregarded because "arbitrary." If the bankrupt were to ask the Insurance Company to consent to substitute his trustee in bankruptcy in place of his wife as beneficiary, it would be the plain duty of the company to refuse, and the refusal for the protection of the wife could not be regarded as arbitrary. On the contrary, consent would defeat the purpose of the policy, which was to protect the wife. Yet the order of the court below accomplishes this very thing.

The case of Cohen v. Samuels, 245 U. S. 53, 38 Sup. Ct. 36, 62 L. Ed. 143, does not control. The ratio decedendi proceeded upon facts not found in this case at all. In it the insured had an absolute right to change the beneficiary and this right the court held under section 70 (a) subd. (3) of the Bankruptcy Act (Comp. St. § 9654) was vested in the trustee as one of the "powers which he [the bankrupt] might have exercised for his own benefit. * * *" And also under subdivision (5) as "property which prior to the filing of the petition he could have transferred. * * *" The bankrupt in this case could have done neither of these things and his trustee stands in no better position.

I think the order should be reversed.