## AMERICAN NAT. INS. CO. v. REID et al.

### Civ. No. 5451.

United States District Court,
W. D. Oklahoma.

Nov. 21, 1952.

Embry, Johnson, Crowe, Tolbert & Boxley, Oklahoma City, Okl., for plaintiff.

D. Chase Rich, Los Angeles, Cal., and George Miller, Jr., Oklahoma City, Okl., for defendants.

WALLACE, District Judge.

This is an interpleader action brought by the plaintiff to determine the true beneficiary of a policy it issued May 7, 1934, to Freeman Reid, a resident of Oklahoma.[1]

The policy provided among other things, that upon the death of the insured the plaintiff would pay $500 to Cora Reid, then wife of the insured; and that the insured reserved the right to change the beneficiary.

1. 49 Stat. 1096, 28 U.S.C.A. § 1335.

On April 9, 1936, the insured, together with his sister Faye Hardeman, went to the plaintiff's agent in Oklahoma City and filed a written request to change the beneficiary to his sister, Faye Hardeman, now Faye Reid. At the time of this request the policy was not delivered to the plaintiff for the indorsement as required by the terms of the policy;[2] the insured told the plaintiff's agent that the policy was probably lost or destroyed, and that he believed it had been destroyed by his wife, Cora Reid, with whom he was at that time estranged and had a divorce suit pending. From the time of this requested change the premium payments were made by the sister, Faye Reid, nee Hardeman.[3]

Defendant Cora Reid, who at all times had possession of the policy, claims the proceeds as the unchanged beneficiary. Defendant Faye Reid claims the proceeds by virtue of being the changed and valid beneficiary.

Where the insured expressly reserves the right to change the beneficiary, the beneficiary acquires only an expectancy in the life policy or its proceeds,[4] and the rights of a beneficiary only become fixed or vested upon the death of the insured.[5]

In changing the beneficiary, the general rule is that the mode prescribed in the policy itself must be strictly followed.[6] However, these provisions prescribing the mode for changing the beneficiary are for the insurer's benefit and may be waived by it where the remaining uncompleted acts or provisions are deemed merely ministerial.[7] Obviously, the insurer cannot waive some non-ministerial requirement which would result in the taking away of a vested right.[8]

In O'Neal v. O'Neal[9] the Supreme Court of Oklahoma pointed out two recognized exceptions to the general rule:

"* * * It is apparent that the

2. The policy provides in part: "Change of Beneficiary.—The Insured, if of lawful age, or any other person properly authorized under the provisions hereof, may from time to time change the Beneficiary hereunder, provided said Policy has not been previously assigned, by request to the Home Office of the Company upon the Company's prescribed form *accompanied by this policy, such change to take effect only upon endorsement hereon by the Company*." (Emphasis Supplied)

3. From April 9, 1936, until the death of insured November 23, 1951.

4. Donnelly v. Northwestern Life Ins. Co., 5 Cir., 59 F.2d 46, writ of certiorari denied in 287 U.S. 638, 53 S.Ct. 87, 77 L. Ed. 553; Self v. New York Life Ins. Co., 8 Cir., 56 F.2d 364, writ of certiorari denied in 287 U.S. 607, 53 S.Ct. 11, 77 L.Ed. 527; In re Greenberg, 2 Cir., 271 F. 258, 20 A.L.R. 253.

5. O'Neal v. O'Neal, 1942, 193 Okl. 146, 141 P.2d 593, 597; Carson v. Carson, 1933, 166 Okl. 161, 26 P.2d 738; Harjo v. Fox, 1944, 193 Okl. 672, 146 P.2d 298.

6. Carson v. Carson, footnote 5 supra; In re Greenberg, footnote 4 supra; Annotation: 52 A.L.R. 405, s. 59 A.L.R. 172; 78 A.L.R. 972, 974.

7. O'Neal v. O'Neal, footnote 5 supra; Carson v. Carson, footnote 5 supra; Mc-

Donald v. McDonald, 1924, 212 Ala. 137, 102 So. 38, 36 A.L.R. 761. Cf. New York Life Ins. Co. v. Wilson, 1937, 181 Okl. 363, 73 P.2d 1133.

8. Harjo v. Fox, footnote 5 supra; Ringler v. Ringler, 156 Md. 270, 144 A. 221; Freund v. Freund, 218 Ill. 189, 75 N.E. 925.

In the Harjo case the court at 146 P. 2d 302 said: "There is a sound reason for this distinction between ministerial and non-ministerial acts. The rights of a beneficiary under a life insurance contract vest and become fixed upon the death of the insured. [Citing cases.] The non-performance of a purely ministerial act can have no effect upon such rights. The only person having discretionary power to decide who the beneficiary shall be has already made his choice. The ministerial acts remaining to be performed are a matter of certainty, requiring only time for their completion. On the other hand discretionary acts determine who the beneficiary is to be, and if their performance were permitted after the death of the insured the rule that the rights of the beneficiary are fixed at such time would be destroyed, for the question of who the beneficiary was to be would depend upon a discretionary decision to be made after the death of the insured."

9. footnote 5 supra.

430

insured did not fulfill strictly all the requirements of the policy to effectuate the requested change of beneficiary in that he did not furnish the policy for indorsement of the requested change thereon by the proper official of the company. *This fact, however, would not change the legal aspects of this matter if* the insured had done all reasonably within his power to comply with the requirements of the policy or if *the company waived compliance therewith; * * *.*" (Emphasis supplied.)

This unmistakeably indicates that the presentation of the policy for indorsement is a ministerial act which may be waived by the insurer.

In the instant case, the very day the insured requested the change of beneficiary, the new beneficiary, defendant Faye Reid (nee Hardeman) was written the following letter by plaintiff's agent:[10]

"Dear Mrs. Hardeman:

In re: Policy # 8347219

"In compliance with your request of today, am enclosing herewith the premium receipt book on the above numbered Policy for your safe-keeping.

"You will note the premium is .24¢ per week and I am returning in stamps the .8¢ overpaid for the eight weeks premiums you paid in this office today, making the premiums paid to and in-

cluding May 25th, 1936, since the other book was paid to March 30th, 1936.

"We are this day advising the Home Office of the request for the change of the beneficiary on this policy and if the Policy is found will mail it to the Home Office for endorsement but this change is on record so therefore, the new beneficiary is the valid one. Trusting this reaches you promptly and if we are able to be of any further assistance to you, please advise, I am

"Yours very truly,

/s/ W. J. Lewis

W. J. Lewis

Superintendent"

This evidences an express waiver of the presentment of policy for indorsement and constituted a valid change in the beneficiary. The waiver of the insurance company is further to be inferred from the very fact this interpleader action was brought.[11]

It is the opinion of the court that the judgment should be in favor of the defendant Faye Reid in the amount of $433.71. Of the $505.04 originally deposited with the clerk of this court by the plaintiff, the court has previously ordered that $21.33 be allocated to costs and has allowed plaintiff a $50 attorney fee.

Counsel will please submit journal entry within ten days in conformity with this opinion.

---

10. Defendant Faye Reid's Exhibit 1.

11. In the McDonald case, footnote 7 supra, at 102 So. 41 the court said: " * * * It may be conceded that the insurance company had a right to stand upon the letter of its contract so far as the provisions thereof affected its interests until a change was made according to the method stipulated in the policy or until proof was forthcoming that it was without the power of the insured to comply in some respects with its stipulations. *The provisions of the policy requiring*

*presentation of the policy, the consent of the company to a change of beneficiary, and that such change should take effect upon the indorsement of the same on the policy by the company,* might, as matter of course, to the exent they affected its interest, be waived, and *were waived when the defendant company brought the fund into court for an adjudication between the plaintiff and appellants as to the merits of their respective claims. * * *"* (Emphasis supplied.)