Albert B. LUCKEY, Jr., Appellant,

v.

Arline Mae LUCKEY et al., Appellees.

No. 14688.

United States Court of Appeals District of Columbia Circuit.

Argued April 21, 1959.

Decided May 28, 1959.

5. Cf. Federal Communications Commission v. WOKO, 1946, 329 U.S. 223, 229, 67 S.Ct. 213, 91 L.Ed. 204.

Mr. Paul F. McArdle, Washington, D. C., for appellant.

Mr. Leo Howard Kerns, Washington, D. C., was on the brief for appellant.

Mr. Henry H. Paige, Washington, D. C., with whom Messrs. Arthur P. Drury, John M. Lynham, and John E. Powell, Washington, D. C., were on the brief, for appellee Luckey.

Mr. John L. Laskey, Washington, D. C., with whom Mr. Dyer Justice Taylor, Washington, D. C., was on the brief, for appellee Aetna Life Ins. Co.

Before WASHINGTON, DANAHER and BURGER, Circuit Judges.

BURGER, Circuit Judge.

This appeal presents issues relating to the steps necessary to effect a change in beneficiary of an allegedly lost life insurance policy which, by its terms, prescribed that such a change would not become effective until it was endorsed by the insurer on the original policy or on a duplicate policy issued after proof of loss of the original. The District Court entered summary judgment in favor of appellee Arline Mae Luckey, the person in whose favor the change was sought to be made, and awarded attorney's fees and costs to the insurer, Aetna Life Insurance Company, on its bill of interpleader.

 Albert B. Luckey, the deceased, was the owner of two life insurance policies issued by Aetna for $5,000 and $2,500 respectively. Only the $2,500 policy is in issue here, and it is undisputed that every transaction with respect to this policy, from application to death claim, including the application to change beneficiary was initiated and consummated in Florida; the insured died while resident in Florida. It follows that Florida law applies.

 When issued on April 19, 1942, the $2,500 policy named as beneficiaries Elsie Luckey, then the wife of the insured, and Albert B. Luckey Jr., his son, equally, or to the survivor. On May 4, 1942, the insured effected a change in beneficiary of the policy in strict accordance with its terms to Albert B. Luckey Jr., his son, provided he survived the insured, otherwise to Elsie Luckey, his wife. On or about March 26, 1954, the insured and his first wife, Elsie, were divorced and within a month he married Arline Mae Luckey, appellee herein. On June 3, 1956, the insured died while this policy was still in force.

Prior to his death, the insured applied at the Miami office of Aetna to change the beneficiary on both the $2,500 policy in issue and the $5,000 policy.[1] This application was made November 24, 1954. With respect to the $2,500 policy the insured executed a request for a change of beneficiary form and also an affidavit of loss of that policy on a form provided by the company. This lost policy affidavit, which included a request for the issuance of a duplicate policy, contained a series of questions for answer by the insured. It provided on its face that it was to be executed by the insured and by beneficiaries of legal age and also by any other person of legal age in interest.

The loss affidavit was, however, signed only by the insured. In response to a question about the whereabouts of the policy when it was lost or destroyed, the insured answered: "In hands of former wife, now divorced. Want to change beneficiary to present wife." He stated that the policy was last in his possession in 1949. He did not answer questions calling for details, dates, manner of loss, whether it was burned or stolen, what

---

1. The record indicates that this requested change was promptly completed with respect to the $5,000 policy which the insured delivered to the insurer for the necessary endorsements.

efforts had been made to find the policy, or whether there had been any assignment, transfer or change in title of the policy.[2]

On the same day as the insured executed these forms, November 24, 1954, the Miami office forwarded the insured's requests to the insurer's home office. Six days later the home office advised the Miami branch that in view of the situation described in the cover letter sending the forms from Miami

"all we can do is to hold the beneficiary forms on file until such time as the insured can recover his policy so that the change of beneficiary can be completed. * * * In all probability no settlement of the policy can be made without a release from the former wife and the present wife and son."

At the same time the Miami office wrote to the insured advising him that the beneficiary had been changed with respect to the $5,000 policy, not here in issue, but as to the $2,500 policy merely quoted the above statement from the home office letter, saying in conclusion: "If we can be of further service please let us know." It is therefore clear that the insured was promptly notified that the company did not accept either of his requests with respect to the $2,500 policy.

The parties have stipulated that, from the time of the insured's divorce from his first wife until his death, there was no communication of any kind between the insured and his first wife, and the record indicates that at no time did he demand from her or from the son the insurance policy which the insured had said in his affidavit to Aetna was lost while in her possession.

After the insured's death on June 3, 1956, appellant and appellee both claimed proceeds of the $2,500 policy as beneficiary. The insurer promptly advised

appellee that "the company [insurer] is unwilling to assume the responsibility of deciding to whom the proceeds of this policy should be paid." On December 13, 1956, appellant brought suit in the Municipal Court of the District of Columbia against the insurer, and on January 8, 1957, the insurer filed an interpleader action in the District Court and deposited a fund with the court. From that point the case proceeded in the latter court, which granted summary judgment to appellee, the insured's second wife and the person whom the attempted change in beneficiary favored, and awarded the insurer attorney's fees and costs in the aggregate amount of $236.

The insurance policy in issue contains the following provision:

"3. How beneficiary may be changed.

"The beneficiary may be changed as often as desired by filing a written request therefor at the Home Office of the Company accompanied by the policy for endorsement and such change shall take effect as of the date of execution of such request, without prejudice to the Company on account of any payment made by it before receipt of such request, *but only if it has been endorsed upon the policy.*" (Emphasis added.)

The appellee contends that the insured had done everything in his power to effect the change in beneficiary, and that any inquiry to his former wife or to his son with respect to the whereabouts of the policy would have been futile. The parties have stipulated

"that at no time, either prior to or subsequent to her [the insured's first wife's] divorce from the said Albert B. Luckey, deceased, was a request or demand made by him upon her for any insurance policies or other property of any kind; and further

2. In the prepared form there is a general statement following the questions which reads:
"the undersigned hereby states that there is no reason to believe or suspect

that said policy is in the possession or under the control of any person or party; that diligent search has been made for same, but that it cannot be found * * *."

that she did not even know of the existence of a policy of life insurance with the Aetna Life Insurance Company designated as [the policy here in issue] until subsequent to his death."

Nor does the record show any effort by the insured to communicate with his son, the policy's primary beneficiary, about the whereabouts of the policy. Thus, the record does not show reasonable diligence by the insured to locate the missing policy.

▆▆▆ The provisions of the policy with respect to change of beneficiary are primarily intended for the benefit of the insurer. See American Nat. Ins. Co. v. Reid, D.C.W.D.Okl.1952, 108 F.Supp. 428. It is not without significance that the insured's purported affidavit of loss of the policy left unanswered the question as to the manner in which it was lost or destroyed and as to what efforts had been made to find it and whether there had been any assignment, transfer, or change in policy. It is, of course, important that an insurer act promptly on a requested change in beneficiary, as this insurer did on the insured's $5,000 policy, but reasonable contract procedures for effecting a change must be given full effect.[3] It was not unreasonable for the insurer to decline to treat the affidavit executed by the insured as adequate proof of loss or destruction of the policy. The insurer fulfilled its obligation under the contract by its prompt reply to the insured's request advising him that it could not make the change and could only hold the forms on file until he could recover his policy. His complete inaction for a year and a half after this advice suggests an abandonment of his application for a change of beneficiary and plainly shows a failure to comply to any substantial degree with the provisions of the contract governing changes of beneficiary.

In view of our disposition of the appeal, there is no occasion for us now to reach the question of allowance of $236 fees and costs to the insurer by reason of its interpleader action, i. e., whether it is the "prevailing party" within the meaning of Rule 54(d), Fed.R.Civ.P., 28 U.S.C.A., except to say that on the record now before us such an allowance would be unwarranted. Whether such an allowance would be appropriate on a more complete showing than has thus far been made must await consideration on remand of the case and exercise of the sound judicial discretion of the District Court. Similarly we do not reach the question whether the appellant-beneficiary is entitled to attorney's fees from the insurer under Fla.Stat.Ann. § 625.08. This issue also must await consideration on remand.

The judgment is reversed and the case remanded to the District Court with directions to enter summary judgment in favor of the appellant and for further consideration of the questions relating to fees and costs.

Reversed and remanded.

▆▆▆

---

3. O'Brien v. Elder, 5 Cir., 1957, 250 F.2d 275; Sheppard v. Crowley, 1911, 61 Fla. 735, 55 So. 841. Compare American Nat. Ins. Co. v. Reid, supra, with Minnesota Mut. Life Ins. Co. v. Rupe, D.C.S.D.W. Va.1958, 163 F.Supp. 352.