RICHARD L. DAVENPORT, ADMINISTRATOR OF THE ESTATE OF IRVIN L. EATON, DECEASED, APPELLEE, V. BANKERS LIFE COMPANY, A CORPORATION, APPELLEE, IMPLEADED WITH MILDRED M. EATON, APPELLANT.

134 N. W. 2d 258

Filed April 2, 1965. No. 35884.

Frederick M. Deutsch, William I. Hagen, and James P. Monen, for appellant.

Spittler & O'Kief, for appellee Davenport.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

McCOWN, J.

The question for decision here is whether a request for change of beneficiary on life insurance policies was effective. By stipulation of all the parties, the policies were surrendered to the company and the money paid into court for disposition of the proceeds. The district court sustained a motion for summary judgment on behalf of the administrator of the estate of the deceased insured and against the named beneficiary, the insured's former wife. The named beneficiary has appealed.

On July 3, 1943, and October 18, 1945, respectively, the Bankers Life Company of Des Moines, Iowa, issued to Irvin L. Eaton two life insurance policies on his life, on both of which Mildred M. Eaton, wife, was named beneficiary. The policies provided that the beneficiary might be changed "* * * by filing written notice thereof at the Home Office of the Company accompanied by the Policy for suitable indorsement * * *. No change shall

take effect until indorsed on the Policy by the Company."

Irvin L. Eaton and Mildred M. Eaton were divorced February 11, 1958. On August 28, 1959, Irvin L. Eaton executed change of beneficiary forms requesting that the beneficiary be changed to Anna Jean Eaton, his second wife. On September 10, 1959, the company wrote Mr. Eaton that it could not change the beneficiary without the policies for endorsement. The letter also advised that it was placing the request in the file and urged him to make every possible effort to secure the policies for endorsement.

The second Mrs. Eaton died August 27, 1960. Irvin L. Eaton died April 28, 1961. The policies at all times were in the possession of Mildred M. Eaton. The record shows that Irvin L. Eaton frequently visited Mildred M. Eaton and was on friendly terms with her prior to his death. There is no evidence that Mr. Eaton ever requested the policies from her. Mildred M. Eaton states affirmatively that he did not. There is also evidence that shortly before his death he told her to keep them. There is no evidence that Irvin L. Eaton ever tried to change the beneficiary after August 28, 1959, nor after the death of his second wife on August 27, 1960, up to the date of his death on April 28, 1961.

The cases indicate a variety of results but clearly establish that the results depend upon the particular facts involved in each case and the inferences which may be drawn from those facts. See, Annotation, 19 A. L. R. 2d, §§ 27 to 33, pp. 65 to 84; 29A Am. Jur., Insurance, § 1682, p. 761; 46 C. J. S., Insurance, § 1175, pp. 75 to 82.

The great weight of authority is that where the policy is in the possession of a beneficiary who refuses to surrender it, the insured will be held to have done everything in his power, under the circumstances, to make the change and that it is effective. This is the rule in Nebraska. Marley v. New York Life Ins. Co., 147 Neb. 646, 24 N. W. 2d 652.

Many cases hold that where it was in the insured's power to obtain and submit the policy for endorsement or where the failure to submit it was unexplained, the change of beneficiary is not effective. In a number of other cases, the failure by the insured to make a demand upon the beneficiary to return the policy, or the failure to take other steps to secure possession of the policy, has been mentioned as an additional factor for holding the attempted change of beneficiary ineffective. Other cases hold that it is not necessary to prove a demand upon the beneficiary to surrender the policy. The reason indicated by these cases is that where the beneficiary's hostile possession is established, it is a fair inference that the policy would not have been surrendered even if demanded. That is the inference we are asked to apply to this case.

It is contended not only that we should adopt an inference that possession of the policy by the beneficiary, standing alone, is sufficient to establish hostility and excuse compliance with the specific contract terms, but that such an inference is justified even where there is evidence to the contrary.

Various grounds have been given for the rule that endorsement on the policy will not be insisted upon. These include the fact that endorsement is a mere ministerial act and will not be insisted upon where the insured has done everything he could, under the existing circumstances, to effect the change; that equity will regard as done what ought to be done; that equity does not require the impossible; and that there has been substantial compliance with the terms of the policy in such a case, which is regarded as sufficient. But whatever the specific reason assigned, the rule is invariably predicated on the proposition that the insured has done everything in his power, under the circumstances, to effectuate the change of beneficiary. Annotation, 19 A. L. R. 2d, pp. 65, 80; 46 C. J. S., Insurance, § 1175, p. 81, and cases there cited.

Where an insured fails to deliver a life insurance policy for endorsement of a requested change of beneficiary, after notice of refusal to make such change without it, and does not request the policy from the beneficiary who holds it, nor take any other action thereafter although there is ample time to do so, and where the evidence shows he was on friendly terms with the beneficiary, he has not done everything in his power under the circumstances to effectuate the change.

Where the insured failed to deliver a life insurance policy for endorsement of a requested change of beneficiary, after notice of refusal to make such change without it, and does nothing thereafter for almost 2 years, during which time the beneficiary to whom the change was requested has been dead for 8 months, he has failed to substantially comply with the provisions of the contracts, and it will be inferred that he changed or abandoned his intention to change beneficiaries. Harmon v. Coyle, 209 F. 2d 200; Luckey v. Luckey, 267 F. 2d 680.

It is also contended that the requirement of delivery of the policies for endorsement of change of beneficiary is for the protection of the insurance company and not for the protection of any named beneficiary; and that the company, by interpleading, waives the provisions and the named beneficiary cannot be allowed to complain of the waiver. Where the change of beneficiary has not been effected at death, the rights of the named beneficiary become vested and the insurer cannot thereafter, by interpleader or otherwise, waive a condition of the policy so as to prejudice the named beneficiary's rights. 46 C. J. S., Insurance, § 1175, pp. 77, 78, and cases there cited.

The action of the district court in sustaining the motion for summary judgment for the plaintiff was in error. The judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.