## SANDS v. DILDINE.
No. 22949.   Jan. 21, 1936.

A. B. Campbell, for plaintiff in error.
Robert Stuart, Wilson & Cornett, and Humphrey & Spence, for defendants in error.

PER CURIAM. This cause was commenced in the district court of Osage county, Okla., by defendants in error filing therein on the 12th day of December, 1930, their petition in replevin, whereby said defendants in error sought to recover from the plaintiff in error three $1,000 bonds described in said petition. After the necessary pleadings were filed, said cause was tried to the court on the 9th day of April, 1931. Judgment was rendered in favor of the defendants in error for the recovery of said bonds. Motion for new trial was filed by plaintiff in error, overruled by the court, and exception saved, and this cause brought to this court on appeal from such decision.

The petition alleged in substance that the plaintiffs were the joint administrators of the estate of Nellie Michelle, deceased, and that A. S. Sands and Harry Big Eagle wrongfully detained certain goods and chattels which were described as three bonds in the sum of $1,000 each, which said bonds were specifically described in said petition, and said petition prayed for return of said bonds to said plaintiffs. Along with said petition was filed affidavit of replevin and replevin bond, and said bonds were taken into custody and delivered to plaintiffs, and on the 10th day of January, 1931, the defendants filed their demurrers to the petition, which demurrers were by the court overruled and exceptions saved. Thereafter, and on the 9th day of February, said defendants filed their answers, which answers were in the form of a general denial.

As a defense to the action it was contended that Nellie Michelle, during her lifetime, gave the said bonds to Big Eagle. The pivotal question of this appeal, therefore, is: Was there a gift inter vivos to Harry Big Eagle, the alleged donee?

Under the proof, Nellie Michelle, a fullblood Osage Indian woman, who was the sister of Harry Big Eagle, called Mr. A. S. Sands, an attorney at law of Pawhuska, Okla., and informed him that she was going away on a vacation and as soon as she came back she would make a will, and that she had three bonds, which she had received from the Mo-ho-gla estate, that she wanted to give Harry Big Eagle; and that she would bring them down and leave them with him to give to her brother, Harry Big Eagle. Nellie Michelle brought the bonds to the office of Mr. Sands and delivered them to Mrs. Betty West, an employee in said office,

and said that she was leaving them for her brother, Harry Big Eagle, and would like for her to give them to him. Mrs. West placed them in a safe located in the office. No mention was made to Mr. Sands concerning the transaction. Neither was any information concerning the same imparted to Harry Big Eagle until after the demise of Nellie Michelle. The testimony further showed that the said bonds were not indorsed or assigned to Big Eagle by Nellie Michelle before leaving them with Betty West to be delivered to him; that Nellie Michelle. on several occasions previous to leaving the bonds with Mrs. West, had left the said bonds with Mr. Sands shortly before the interest paying dates for him to collect the interest and to give same to her, which he faithfully performed; that Big Eagle usually accompanied Nellie Michelle upon her visits to Mr. Sands' office.

There are two essential elements necessary to constitute a gift inter vivos, namely, an intention to make a gift and a delivery of the thing given during the lifetime of the donor. Sauls v. Whitman, 171 Okla. 113, 42 P. (2d) 275. A gift cannot be established by proof of declaration of the donor that she intends to give or had given the property to the claimant, in the absence of actual delivery. There must be some act or circumstance shown amounting to an actual delivery. It is not essential that delivery be made to the donee himself, but may be made to another for the donee, or to his agent. But delivery to the donor's agent is never sufficient, as it is essentially no delivery at all. It is as if the donor had merely shifted possession of the property from one pocket to another. The courts all seem to be in accord as to the principle itself, but the trouble arises on the question whether the person to whom the property is delivered is the agent of the donor or a trustee for the donee. The determination of this fact rests on the intention of the donor, the situation and relationship of the parties, the kind and character of the property, and the things said, written or done in regard thereto. (Sauls v. Whitman, supra.)

Did A. S. Sands, whom the trial court found had possession of the bonds at the commencement of this action, hold them as the agent of Nellie Michelle, and upon her death, for her estate, or did he hold them as trustee for Big Eagle, and upon his death, for his estate? The correct answer to this question will determine the issues in this appeal. The trial court in rendering judgment for the plaintiffs held, in substance, that A. S. Sands was the agent of Nellie Michelle.

The evidence in this case clearly shows that Nellie Michelle was a client of A. S. Sands, and that she often left the said bonds with him for the purpose of cashing the interest coupons semiannually and later having the bonds returned to her. The evidence further shows that on the last occasion she left the bonds at the attorney's office, when she was intending to make a trip to Colorado, when and for what length of time the record fails to reveal. At no time did Nellie Michelle indorse or make an assignment of the said bonds to Big Eagle or to A. S. Sands in trust for Big Eagle. The United States of America 4½% gold bond specifically provided the manner in which a transfer of said bond should be effected. No attempt to comply with these instructions was made by the owner. The Duncan Hotel bond provided: "This bond shall pass by delivery unless it has been registered as to payment of the principal as provided by the form for registration indorsed on the back hereof." On the back of same we find said bond registered in the name of Nellie Michelle. July 18, 1929, by the Citizens Trust Company, by E. E. Grinstead, President. This indicates that said bond could not be transferred by mere delivery. The National Building & Loan Association of Pawhuska, Okla., bond does not indicate how a transfer shall be effected.

In view of the relationship of the parties and the situation existing at the time of the delivery of the bonds to Mr. Sands' office, the trial court assumed, and justly so, that the bonds were delivered to Mr. Sands as her agent and not as the agent of or as trustee for Big Eagle, and that upon her death the agency was revoked, at which time the defendant still had the bonds in his possession. The death of either party terminates the agency, except where the agent has a pecuniary interest of his own in the execution of the agency. Kimmell v. Powers, 19 Okla. 339, 91 P. 687. It is specifically admitted that the defendant did not have such a vested interest in the said bonds as to constitute "a power coupled with an interest." In the second paragraph of the syllabus in the case of Hickman, Ex'r, v. Barrett, 175 Okla. 262, 52 P. (2d) 40, this court said:

"Delivery to alleged donor's agent, as agent, and not as donee, is not sufficient to constitute such delivery as is required in

gifts inter vivos. Possession of the property by the agent, if evidence of delivery at all, is only evidence of delivery for the purpose of the agency, and is not evidence of delivery for the purpose of gift inter vivos."

In the case of Fouts v. Nance, 55 Okla. 266, 155 P. 610, this court said:

"It is the general rule in every jurisdiction that after the death of the donor, in order to establish a gift inter vivos, the evidence must be clear, explicit, and convincing in support of every element needed to constitute a valid gift. 20 Cyc. 1224, and cases cited."

The trial court had this matter under consideration in its preliminary stages and also heard the evidence offered by all parties in support of their various contentions. The judgment of the trial court is not against the weight of the evidence. In cases of equitable cognizance, the judgment of the appellate court should not lightly displace the judgment of the trial court. The judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys John F. Butler and James C. Cheek in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Butler and approved by Mr. Cheek, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.