**Janis BEREN, Gercene Pollock, Ilene Taubman, Plaintiffs–Appellants,**

v.

**Leonard M. ROPFOGEL, Sonya A. Ropfogel, Defendants–Appellees.**

No. 92–3445.

United States Court of Appeals, Tenth Circuit.

May 17, 1994.

---

James W. Morris, III (James U. White, Jr. and Linda G. Kaufmann also of White, Coffey, Galt & Fite, with him on the briefs), Oklahoma City, OK, for plaintiffs-appellants.

Thomas D. Kitch (David G. Seely, also of Fleeson, Gooing, Coulson & Kitch, with him on the brief), Wichita, KS, for defendants-appellees.

Before LOGAN and MOORE, Circuit Judges, and KANE, District Judge.*

LOGAN, Circuit Judge.

Plaintiffs Janis Beren, Gercene Pollock and Ilene Taubman appeal a district court order dismissing—for lack of subject matter jurisdiction and for failure to state a claim— their suit for damages. They alleged intentional interference with inheritance or gift and the "prima facie tort" of *Restatement (Second) of Torts* § 870 (1989) (general tortious conduct that intentionally causes harm). On appeal, plaintiffs argue that the district court erred in its determinations, and that if no jurisdiction exists plaintiffs are denied equal protection of the law because they will have been denied a forum.

Plaintiffs and defendant Sonya Ropfogel were nieces of Henry Bennett (Henry) who died intestate at age eighty-nine on December 1, 1982. Surviving Henry were his wife

---

* The Honorable John L. Kane, Jr., Senior United States District Judge, United States District Court for the District of Colorado, sitting by designation.

Lucille—who inherited his entire estate—one sister, eight nieces and nephews, and several grandnieces and nephews. Henry and Lucille had no children. The disposition of Lucille Bennett's (Lucille) estate on her death seven years later served as the catalyst for this litigation.

By all accounts the Bennetts lived a simple and frugal existence. In the period before his death Henry led Lucille to believe that even this modest lifestyle was threatened by business losses. When Henry died Lucille was unaware that he had accumulated an estate of approximately $40–$50 million. Three weeks after Henry's death, Lucille executed a will (the 1982 will) leaving her entire estate to certain members of Henry's family.[1] Defendants Sonya Ropfogel and her husband Leonard were among the beneficiaries in that 1982 will. Lucille died in 1989 at age eighty-eight.

## I

We must determine whether the district court had subject matter jurisdiction to decide the tort claims alleged against defendants for their actions before and after execution of the 1982 will. This question of law we consider de novo. *Long v. United States,* 972 F.2d 1174, 1177 (10th Cir.1992).

■ Federal courts have limited jurisdiction and do not probate estates. Although the federal courts may entertain collateral actions involving certain types of suits and claimants, the federal courts may "not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." *Markham v. Allen,* 326 U.S. 490, 494, 66 S.Ct. 296, 298, 90 L.Ed. 256 (1946). The standard for determining whether federal jurisdiction may be exercised is whether under state law the dispute would be cognizable only by the probate court. If so, the parties will be relegated to that court; but where the suit merely seeks to enforce a claim *inter partes,* enforceable in a state court of general jurisdiction, federal diversity jurisdiction will be assumed. *McKibben v. Chubb,* 840 F.2d 1525, 1529 (10th Cir.1988)[2] (quoting *Lamberg v. Callahan,* 455 F.2d 1213, 1216 (2d Cir.1972)).

■ As to the alleged tortious conduct occurring before Lucille's execution of her 1982 will, we agree with the district court that the federal courts are precluded from accepting jurisdiction because doing so would interfere with probate proceedings determining the validity of the 1982 will. *See Markham,* 326 U.S. at 494, 66 S.Ct. at 298. The risk of inconsistent results is obvious if the federal courts entertain litigation covering the time period immediately preceding and including the actual execution of that will.

■ Plaintiffs attempted to participate as contestants to Lucille's 1982 will but failed because they lacked standing. They lacked standing because they were not Lucille's heirs who would inherit under Kansas intestacy law, and they were never named as beneficiaries under any will or inter vivos trust executed by Lucille. They were blood relatives of Henry, who died seven years earlier, but they had no blood relationship to Lucille. The court therefore ruled that plaintiffs never had a tangible interest in Lucille's estate. Plaintiffs had a right to appeal that determination within the state system, and they could have offered, and apparently did, to Lucille's relatives who contested the will, what evidence they had of defendants overriding Lucille's intentions.

Indeed, plaintiffs seem to be in an unusual position here. If they invalidate Lucille's will

---

1. Lucille had executed a will in 1976 naming two of her grandnieces and a grandnephew, along with the widow of a nephew, as contingent or two-contingency beneficiaries. The individuals named in that will were her closest living relatives at the time of her death. They unsuccessfully challenged her 1982 will, alleging undue influence, lack of testamentary capacity, and that the will was prepared by a principal beneficiary in violation of Kan.Stat.Ann. § 59–605. *In re Bennett,* 19 Kan.App.2d 154, 865 P.2d 1062 (1993). Plaintiffs here failed in their efforts to participate as parties to that will contest because they were found to lack standing.

2. In *McKibben* we pointed out that although Kansas court unification abolished probate courts, the Kansas Court of Appeals has "affirmed the principle that exclusive probate jurisdiction 'over all matters incident and ancillary to the administration of a decedent's estate' should be applied in post-unification proceedings." *McKibben v. Chubb,* 840 F.2d 1525, 1530 n. 7 (10th Cir.1988) (quoting *Quinlan v. Leech,* 5 Kan. App.2d 706, 623 P.2d 1365, 1367–68 (1981)).

they get nothing from the estate, as they are not her heirs or beneficiaries under any will or trust, and they eliminate defendant Sonya Ropfogel's inheritance and hence her wealth which they hope to reach through their tort claims. In any event we are satisfied that the state probate proceeding afforded plaintiffs an "adequate and available" remedy in state court to contest Lucille's will. *See McKibben,* 840 F.2d at 1530.

Plaintiffs urge us to view their tort claims as seeking damages for defendants' actions after execution of the 1982 will, during the period before Lucille's death in 1989. They allege that defendants interfered with plaintiffs' expectations of inter vivos gifts or testamentary dispositions in their favor by Lucille executing a new or amended will. They argue that they are not seeking assets from Lucille's estate, but are simply attempting to recoup damages from defendants for their alleged torts.

In the state court will contest by beneficiaries under Lucille's 1976 will, some of whom would have been her heirs had she died intestate, the court made detailed factual findings spanning the years following Lucille's execution of the 1982 will until her death in 1989. Those findings—which were unmodified on appeal—speak directly to the time period and issues raised by plaintiffs here. Plaintiffs evidently testified or provided deposition testimony on behalf of the will contestants. Brief of Appellees at 6. The state district court concluded after twenty-two days of trial that Lucille's ability and opportunity to amend her will or execute a new one, or to make inter vivos gifts, was not impaired or obstructed.[3] That the witnesses and other evidence needed to establish plaintiffs' tort claims would be duplicative of that

already heard in the will contest illustrates one reason why the federal court jurisdiction over probate matters risks "interfere[nce] with the probate proceedings." *Markham,* 326 U.S. at 494, 66 S.Ct. at 298.

Nevertheless, several courts have recognized as a separate tort, "intentionally prevent[ing] another from receiving from a third person an inheritance or gift that he would otherwise have received." *Restatement (Second) of Torts* § 774B. In this diversity case we must apply Kansas law. The Kansas Supreme Court has discussed but not decided whether it recognizes such a tort. *See Axe v. Wilson,* 150 Kan. 794, 96 P.2d 880, 885–88 (1939). In *McKibben* we assumed, for purposes of the opinion, that Kansas would recognize such a tort. We do the same here, because it makes no difference in the outcome.

## II

Plaintiffs' amended complaint makes only the following allegations respecting the basis of their claims to be the objects of gifts or bequests from Lucille Bennett:

> Plaintiffs Janis Beren, Gercene Pollock and Ilene Taubman were both natural and actual objects of Lucille S. Bennett's affections and testamentary or donative bounty. Subsequent to the execution of her alleged last will and testament on December 21, 1982, and in repeated instances prior to her death, Lucille S. Bennett expressed her specific love and affection for Janis Beren, Gercene Pollock and Ilene Taubman and her sincere and continuing desire to share a portion of her substantial personal estate with the Plaintiffs and each of them.

Appellant's App. tab 5, ¶ 21.

3. The state court found that Lucille talked to the contestants "and with others" in person and by phone, and

> she did nonetheless at different times say that she was either considering or wanting to make some changes in her will. The evidence is that these comments were generally made to one or another of her nurses, and on one occasion shortly before her death to [Sonya Ropfogel]. There is no evidence that she ever made such statements to other relatives including Contestants and relatives not named in her will who are not contestants, nor to any of her visitors. She at no time attempted to contact [attorney

Thomas Triplett] or [Arthur] Skaer or any other attorney to redraft or modify her will to include any Contestant as a beneficiary. Based on the changes she said she was planning to make at one time or another, there can be little question but that she was aware that her will did not include Contestants and some other relatives as beneficiaries, that [Sonya Ropfogel] was a beneficiary, and that the Ropfogel children and the Hebrew Congregation Synagogue were only minor beneficiaries.

Appellants' Brief–in–Chief Tab A, ¶¶ 40, 41 (state district court's Findings of Fact and Conclusions of Law).

We review de novo the question of law whether the tortious interference with inheritance allegations state a claim. *See Ayala v. Joy Mfg. Co.*, 877 F.2d 846, 847 (10th Cir.1989). We will uphold the dismissal unless it appears plaintiffs could prove sufficient facts to establish their tort claim and be entitled to some relief. *Jacobs, Visconsi & Jacobs Co. v. City of Lawrence*, 927 F.2d 1111, 1115 (10th Cir.1991). A prospective inheritance or gift is a necessary element to the claim. *McKibben*, 840 F.2d at 1531. Plaintiffs, then, must show they had something more than a mere expectancy in Lucille's estate to establish this cause of action. Plaintiffs are not Lucille's heirs at law, they are only relatives of her predeceased husband; they are not beneficiaries under either of Lucille's wills or any inter vivos trust she executed. Plaintiffs have pointed to no specific occasion, no specific attempted will or gift, and no specific sum or portion promised them. Their pleading is suspiciously like contentions that could be made by any relative by marriage or even a friend of the decedent. Plaintiffs seem to assume that because their blood relationship to Lucille's deceased husband is the same as those who took under Lucille's 1982 will that they too should share in the estate.

The jurisdictions that have recognized the intentional interference cause of action have done so in cases involving plaintiffs who had a tangible basis to assert a prospective inheritance, such as being an heir at law of the decedent or having been named in a prior will or testamentary instrument. *E.g., Anderson v. McBurney by Stebnitz*, 160 Wis.2d 866, 467 N.W.2d 158, 161 (Wisc.App.), *rev. denied*, 473 N.W.2d 503 (Wisc.1991) (daughter of decedent had cause of action for tortious interference); *Peffer v. Bennett*, 523 F.2d 1323, 1325 (10th Cir.1975) (plaintiff who was the sister and sole heir of decedent had a cause of action in tort); *Nemeth v. Banhalmi*, 99 Ill.App.3d 493, 55 Ill.Dec. 14, 17, 425 N.E.2d 1187, 1190 (1981) (stepdaughter of decedent allegedly named in two previous wills under agreement with her mother had sufficient interest in estate to establish cause of action). The district court properly held plaintiffs failed to state a claim because they did not allege a factual basis establishing their prospective inheritance or any specific inter vivos gift. To hold otherwise would open the door to a similar claim by virtually any acquaintance of a decedent.

We also agree with the district court's analysis of the allegations of the catchall "prima facie tort" of *Restatement (Second) of Torts* § 870. That section is an umbrella provision recognizing general tortious conduct that intentionally causes harm. There is some doubt Kansas courts would recognize the "prima facie tort" as a cause of action. *See Ford Motor Credit Co. v. Suburban Ford*, 237 Kan. 195, 699 P.2d 992, 998, 1000, *cert. denied*, 474 U.S. 995, 106 S.Ct. 409, 88 L.Ed.2d 360 (1985). In any event, in a case like that before us the tort would be duplicative of the "interference-with-inheritance" tort we have assumed Kansas would recognize. The district court properly dismissed this claim.

It is not a denial of equal protection to deny a forum to a plaintiff who is unable to articulate a cause of action.

AFFIRMED.