Aaron JOHNSON, Jr., et al., Plaintiffs,

v.

Larry PORTER, et al., Defendants.

Civil Action No. 96–D–931.

United States District Court,
D. Colorado.

July 22, 1996.

Lawrence Boris, Boris & Nemkov, P.C., Denver, CO, for plaintiffs.

Richard P. Slivka, Charles Henson, Freeborn & Peters, Denver, CO, M. Moran Tomson, Johnson, KS, for defendants.

### MEMORANDUM OPINION AND ORDER

DANIEL, District Judge.

This matter is before the Court on Defendant Larry Porter's Motion for Dismissal

Pursuant to Rule 12(b)(1), filed May 20, 1996, wherein he argues that this Court lacks subject matter jurisdiction. As discussed below, I agree and order the case dismissed. The matter has been fully briefed, and I am well versed in the premises.

## FACTS

Simply stated, this action presents a "will contest." In brief, the case stems from the death of Emma Belle Tolbert on December 7, 1994 in Baca County, Colorado. Of significance, Defendant Larry Porter was appointed the Conservator of Ms. Tolbert on September 7, 1987 and prepared a will for Ms. Tolbert on October 8, 1987. Plaintiffs claim that Ms. Tolbert "was not of sound mind or memory and was mentally incapable of making the will because of her poor physical and mental health and mental incapacity." *Complaint* at ¶ 27. Accordingly, plaintiffs assert two claims: (1) they "pray the Court" to enter its judgment setting aside the Will of Emma Belle Tolbert dated October 8, 1987; declaring that Plaintiffs are the lawful heirs of Emma Belle Tolbert; and (2) a fraud claim against Defendant Larry Porter pursuant to Colo.Rev.Stat. § 15–10–106. Before turning to legal analysis, the Court also notes that Defendant Porter applied to the District Court of Baca County, Colorado for informal probate of the Will and appointment of himself as personal representative under the terms of the Will. On December 19, 1994, Letters Testamentary of informal probate were issued by the county court which currently maintains jurisdiction.

## DISCUSSION

Plaintiffs filed this action pursuant to 28 U.S.C. § 1332—diversity jurisdiction. Though the traditional elements of diversity jurisdiction are pled in the Complaint—i.e. complete diversity of parties and $50,000 in controversy—defendants argue that the "probate exception" to diversity jurisdiction applies. As Judge Posner has stated, "The probate exception is one of the most mysterious and esoteric branches of the law of federal jurisdiction." *Dragan v. Miller,* 679 F.2d 712, 713 (7th Cir.1982) (discussing history and rationale for "probate exception"). In general, it relates to the notion that "a federal court has no jurisdiction to probate a will

or administer an estate." *Markham v. Allen,* 326 U.S. 490, 494, 66 S.Ct. 296, 298, 90 L.Ed. 256 (1946).

Citing the majority rule, the Tenth Circuit Court of Appeals has interpreted the "probate exception" as follows:

> The standard for determining whether federal jurisdiction may be exercised is whether under state law the dispute would be cognizable only by the probate court. If so, the parties will be relegated to that court; but where the suit merely seeks to enforce a claim inter partes, enforceable in a state court of general jurisdiction, federal diversity jurisdiction will be assumed.

*McKibben v. Chubb,* 840 F.2d 1525, 1529 (10th Cir.1988) (holding no diversity jurisdiction and stating that action belonged in Kansas probate proceedings); *see also Beren v. Ropfogel,* 24 F.3d 1226 (10th Cir.1994) (same). Accordingly, as the Tenth Circuit frames the issue, the presence of diversity jurisdiction in this context turns on the specific structure of the Colorado state courts. More precisely, the relevant inquiry is "whether under [Colorado] law the dispute would be cognizable only by the probate court." *Id.*

Here, both Colorado's statutory structure regarding probate matters as well as precedent lead to the conclusion that the "probate exception" applies. In 1950, the Tenth Circuit addressed this question and held diversity jurisdiction lacking after noting that in Colorado a county court has exclusive original jurisdiction over probate matters. *Porter v. Bennison,* 180 F.2d 523 (10th Cir.1950). As the court explained:

> As we understand the law of Nebraska, the county courts in that state are clothed with exclusive original jurisdiction in all matters relating to the probate of wills, including the vacating of an order admitting a will to probate for fraud, or on other grounds. It is our further understanding that the district courts of that state, under their general grant of equity jurisdiction, do not have original jurisdiction to entertain in the first instance a proceeding in equity to declare a purported will to be a forgery, to vacate the probate of such a will, and to

charge those deraigning title under a will of that kind trustees ex malefacio for the benefit of the complainants. *And we understand the law of Colorado to be substantially the same in effect.* The county court of Butler County, Nebraska, being clothed with exclusive original jurisdiction ... and the county court of Sedgwick County, Colorado, being clothed with like exclusive original jurisdiction to vacate its order appointing an administrator in that state, the United States Court for Colorado, in the exercise of its general grant of jurisdiction based upon diversity of citizenship and the requisite amount in controversy, *did not have jurisdiction to entertain the suit in equity pleaded in the amended complaint."*

*Id.* at 526 (emphasis added); *Accord Mitchem v. First Interstate Bank of Denver,* 802 P.2d 1141, 1142 (Colo.App.1990) (holding that action properly belonged in probate court and district court lacked jurisdiction); *Weller v. Bank of Vernal,* 137 Colo. 32, 321 P.2d 216 (1958) (holding that a district court sitting in probate has exclusive jurisdiction to hear all claims presented and a claimant has no option to file suit in another court after the issuance of letters); *Koon v. Barmettler,* 134 Colo. 221, 301 P.2d 713 (1956) (same); *Miller v. Weston,* 25 Colo.App. 231, 138 P. 424 (1914) (same). *See generally* Colo.Rev.Stat. § 15–10–101, *et seq.,* 15–12–101, *et seq.*

■ Accordingly, this Court lacks diversity jurisdiction over this action. More specifically, plaintiffs' first claim to set aside the Will does not trigger diversity jurisdiction and their second claim for fraud "is ancillary to the challenge of the will and belongs in the [Colorado] probate proceedings, not in federal court." *McKibben,* 840 F.2d at 1530.[1] Thus, it is hereby

ORDERED that Defendant Larry Porter's Motion for Dismissal Pursuant to Rule 12(b)(1) is GRANTED and this action is DISMISSED.[2]

---

1. To this effect, I note that it is irrelevant how plaintiffs technically frame their claims. As one court has stated,

   Regardless of how [plaintiffs] characterize[] [their] claim[s], [they are] seeking in substance to invalidate the will on the basis of undue influence and lack of capacity.... We are not impressed with the concept that granting [plaintiffs] relief would not interfere with the probate proceedings if done by an award of damages rather than by an order to the execu-

tor directing distribution of the estate. Either way the substance is the same.

*Moore v. Graybeal,* 843 F.2d 706, 710 (3d Cir. 1988).

2. Given this holding, the court need not consider defendants' alternative argument that abstention is proper under *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976).