**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 8 1998**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

IRENE M. DEASY,

      Plaintiff-Appellant,

v.

NATIONS BANK; MERRILL
LYNCH; NEPTUNE SOCIETY,

      Defendants-Appellees,

  and

DAVID DIXON,

      Defendant.

No. 98-1129
(D.C. No. 97-D-941)
(D. Colo.)

STANFORD E. ANDRESS,

      Applicant in
      Intervention-Appellant.

## ORDER AND JUDGMENT [*]

Before **PORFILIO**, **BALDOCK**, and **EBEL**, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Appellants appeal from the district court's order 1) granting defendant Neptune Society summary judgment on plaintiff's breach of contract claim; and 2) dismissing her claims against defendants Nations Bank and Merrill Lynch for lack of subject matter jurisdiction.   [1]  Reviewing the district court's decision de novo, see Vice v. Conoco, Inc.  , 150 F.3d 1286, 1288 (10th Cir. 1998) (summary judgment); State Farm Mut. Auto. Ins. Co. v. Narvaez   , 149 F.3d 1269, 1271 (10th Cir. 1998) (subject matter jurisdiction), we affirm.

Appellants allege that the Neptune Society breached its contract with plaintiff by distributing her former husband's ashes to his personal representative instead of her.  Plaintiff and her former husband entered into a "preneed burial contract" with the Neptune Society in 1993.  The couple divorced later that year.

Although the contract does indicate that the decedent wished his remains returned to his next of kin, and identified plaintiff as that next of kin, the contract

---

[1]     On appeal, appellants do not challenge the district court's decision declining to enter a default judgment against defendant David Dixon.

also reserved to the Society "the right to consult with individuals having a legal right to control the final disposition of the [decedent]. The [Society] shall not be liable to anyone for its decisions taken in good faith pursuant to consultation with any person." R. attachment to doc. 19. In addition, Florida law, which governs this contract, provides that "[t]he fact that cremation occurred pursuant to a provision of . . . any written contract signed by the decedent in which he or she expressed the intent that his . . . body be cremated is a complete defense to a cause of action against the personal representative or person providing the services." Fla. Stat. Ann. § 732.804. Summary judgment for the Neptune Society, therefore, was proper.

Appellants' claims against defendants Merrill Lynch and Nations Bank essentially seek review of Florida state court decisions. Federal courts, however, other than the United States Supreme Court, do not have jurisdiction to review state court decisions, see, e.g., District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 486 (1983); Facio v. Jones, 929 F.2d 541, 543 (10th Cir. 1991), or matters cognizable only in state probate proceedings, see, e.g., Beren v. Ropfogel, 24 F.3d 1226, 1228 (10th Cir. 1994). "[A] party losing in state court is barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state court judgment itself violates the loser's federal rights." See Johnson v.

De Grandy, 512 U.S. 997, 1005-06 (1994). This includes, not only the issues actually litigated in state court, but also any constitutional claims which are inextricably intertwined with the issues actually litigated. See Facio, 929 F.2d at 543. The district court, therefore, properly dismissed appellants' claims against these defendants for lack of subject matter jurisdiction.

Appellants' remaining arguments lack merit. Appellants' requests to submit evidence are granted only to the extent that these materials were previously submitted to the district court. See John Hancock Mut. Life Ins. Co. v. Weisman, 27 F.3d 500, 506 (10th Cir. 1994).

The judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


David M. Ebel
Circuit Judge