**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 13 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

AMERICAN FINANCIAL LIFE
INSURANCE AND ANNUITY
COMPANY,

Plaintiff,

v.

JUDY YOUN,

Defendant-Appellant

and

MYUNG INN YOUN, MD,

Defendant-Appellee.

No. 00-6262
(D.C. No. CIV-00-475-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **PORFILIO** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  <u>See</u> Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

FACTS

Hwan Youn purchased a life insurance policy from Allamerica Life Insurance Company in April 1989.  He made his wife, Judy Youn, the beneficiary of the policy.  She was also the beneficiary of a will he signed on October 9, 1995.

The couple experienced marital difficulties, culminating in an episode in which Mr. Youn allegedly beat Mrs. Youn severely on Christmas morning 1999.  Mr. Youn was arrested for spousal abuse, and his arrest was publicized in the local newspaper.  On December 28, 1999, Mr. Youn filed for divorce from Mrs. Youn.

On December 29, 1999, Mr. Youn signed a change of beneficiary form naming his sister, Myung Youn, the new beneficiary of the Allamerica policy.  On the same day, he executed a holographic will naming Myung Youn as the beneficiary of his probate estate.  Mrs. Youn contends that during this time period, Mr. Youn was drinking heavily, taking large doses of psychotropic drugs, and behaving in a bizarre manner.

Mr. Youn delivered the change of beneficiary form to his financial planner, Bill Rendles, on or about December 29, 1999.  On January 1, 2000, a friend and

concerned neighbor called a psychiatrist to Mr. Youn's home. The psychiatrist determined that Mr. Youn was not a danger to himself. The next day, however, Mr. Youn killed himself. Mr. Rendles faxed and mailed the change of beneficiary form to Allamerica on January 4, 2000, after Mr. Youn's death. [2]

Both the October 9, 1995 and December 29, 1999 wills were filed for probate in state district court. Mrs. Youn contested the December 29, 1999 holographic will on the basis that Mr. Youn lacked testamentary capacity. After a trial on the merits, the probate court determined that Mr. Youn had been competent at the time he executed his December 29, 1999 will. On September 13, 2000, it admitted the will to probate, and rejected the earlier will.

On March 7, 2000, Allamerica brought this interpleader action, seeking to determine whether Mrs. Youn or Myung Youn should be entitled to the insurance proceeds. Mrs. Youn argues that Mr. Youn lacked competency to execute the change of beneficiary form, and that the change of beneficiary did not take effect because the form was not delivered to Allamerica until after his death. The federal district court granted summary judgment in favor of Myung Youn on June 28, 2000.

---

[2] The Allamerica policy excluded payment of benefits in the event of suicide within two years of the policy's issue date, which had passed at the time of Mr. Youn's death.

ABSTENTION

As mentioned, in the Oklahoma state probate proceedings Mrs. Youn contested Mr. Youn's mental capacity to execute the holographic will dated December 29, 1999. This issue parallels the issue of Mr. Youn's mental capacity to execute the change of beneficiary form at issue in this case, which was dated the same day. See 2A Jon Alan Appleman & Jean Appleman, Insurance Law and Practice § 1024, at 58-59 (2d ed. 1966) ("It requires the same degree of mental capacity to make a valid change of [insurance] beneficiary as it takes to make a will."). Because the parties may be litigating a parallel issue of state law in state and federal forums, we requested supplemental briefing on the issue of whether the federal district court should have abstained from determining the issue of Mr. Youn's competency until the issue is finally resolved in the state probate proceedings.

Mrs. Youn argues that the district court should have abstained from deciding this issue, under either the Colorado River abstention doctrine, see Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), or under the Wilton/Brillhart doctrine, see Wilton v. Seven Falls Co., 515 U.S. 277 (1995); Brillhart v. Excess Insurance Co. of America, 316 U.S. 491 (1942). If either doctrine has application here, we should remand to the district court to consider its application in the first instance.

Myung Youn responds that abstention is unnecessary because the probate court has already reached a final judgment on the issue of Mr. Youn's mental capacity. In her abstention briefing, and also in her "Motion to Expedite" and "Motion for Summary Affirmance," she urges us to give preclusive effect to the order of the Oklahoma probate court admitting Mr. Youn's holographic will to probate.

We apply Oklahoma state law to determine the preclusive effect of an Oklahoma judgment. Cf. Nanninga v. Three Rivers Elec. Coop., 236 F.3d 902, 906 (8th Cir. 2000) (diversity case). [3] In Oklahoma, issue preclusion requires a final prior judgment. Nealis v. Baird, 996 P.2d 438, 459 (Okla. 1999). "A final judgment is one in which no appeal has been perfected within the time allotted by law or one in which an appeal has been properly perfected and acted upon by the highest court whose review has been sought." Id. (footnote omitted).

Under this standard, the order admitting Mr. Youn's will to probate does not have preclusive effect. Although the order was immediately appealable under a special rule applicable to interlocutory orders in probate, see Okla. stat. tit. 58, § 721(2), it is not yet a final judgment, see In re Estate of Sneed, 953 P.2d 1111,

---

[3] We have located no authority specifically discussing the choice of law issue concerning collateral estoppel in an interpleader action. We apply the rule applicable to diversity cases because of the strong resemblance between a diversity action and an interpleader action brought pursuant to 28 U.S.C. § 1335.

1116 n.15 (Okla. 1998). Under Oklahoma law, a litigant is free to await final judgment in a probate matter before appealing interlocutory decisions reached in the case. See id.

Upon consideration, however, we decline to remand this case on the basis of the abstention doctrine, which was not raised in the district court. "Colorado River abstention is based on the policy of conserving judicial resources in situations involving the contemporaneous exercise of concurrent jurisdictions." Grimes v. Crown Life Ins. Co., 857 F.2d 699, 707 (10th Cir. 1988). For this reason, "under Colorado River, once a federal court has tried the case on its merits, it would be rare that judicial resources would be conserved by abstaining on appeal." Id.; see also New Mexico ex rel. Reynolds v. Molybdenum Corp. of Am., 570 F.2d 1364, 1367 (10th Cir. 1978).

While Grimes and Reynolds discussed cases tried on the merits, we extend the principle to summary judgment resolution as well. Cf. Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1079-80 (10th Cir. 1999) (extending, to summary judgment dispositions, rule permitting federal court judgment in improperly-removed case to stand if "tried in federal court"). Our review of the materials submitted by the parties on the abstention issue, together with the record on appeal, convinces us that this is not the rare case in which judicial resources

would be conserved through abstention.[4] The state court's admittedly non-final decision on the mental capacity issue is the same as that reached by the federal district court. Mrs. Youn makes no showing that the probate court decision will likely be overturned on this issue. She also fails to show that the federal district court did not give the parties a sufficient opportunity to litigate the issues surrounding Mr. Youn's mental capacity. For these reasons, we decline to remand this case to the district court for purposes of considering abstention.

## PROBATE EXCEPTION TO FEDERAL JURISDICTION

Mrs. Youn further argues that the district court lacked jurisdiction to consider the challenge to Mr. Youn's mental capacity. Federal courts lack jurisdiction to probate wills or to take actions that would interfere with pending state probate proceedings. Beren v. Ropfogel, 24 F.3d 1226, 1228 (10th Cir. 1994). "The standard for determining whether federal jurisdiction may be exercised is whether under state law the dispute would be cognizable only by the probate court . . . [but] where the suit merely seeks to enforce a claim inter partes, enforceable in a state court of general jurisdiction, federal diversity jurisdiction will be assumed." Id. (quotation omitted).

---

[4] A similar waiver analysis, with the same result, applies to the issue of Wilton/Brillhart abstention. See Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220 (9th Cir. 1998).

Oklahoma gives its district courts of general jurisdiction, acting pursuant to their equitable powers, the power to determine the ownership of life insurance policies, even in cases where the deceased's mental capacity is at issue.     See Matthews v. Acacia Mut. Life Ins. Co.   , 392 P.2d 369, 371 (Okla. 1964).  The federal district court, properly acting pursuant to its interpleader jurisdiction, was therefore not divested of its power by the probate exception to federal jurisdiction.

## SUMMARY JUDGMENT

We turn to the substantive issues presented in Mrs. Youn's challenge to the district court's entry of summary judgment.  "We review a district court's grant of summary judgment de novo, applying the same legal standard used by the district court."  Hollins v. Delta Airlines   , 238 F.3d 1255, 1257 (10th Cir. 2001).  Summary judgment is proper if the moving party shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party."    Scull v. New Mexico   , 236 F.3d 588, 595 (10th Cir. 2000) (quotation omitted).

-8-

1.  Mr. Youn's mental capacity

      a.  Insane delusion

In her brief on appeal, Mrs. Youn argues that Mr. Youn was suffering from an insane delusion when he executed the change of beneficiary form.  Mrs. Youn did not advance this theory in the district court; instead, she relied on assertions that Mr. Youn lacked mental capacity to execute the form.  While both lack of mental capacity and insane delusion address the mental state of a decedent and may be used to avoid a will or other transfer by the decedent, the two doctrines are not synonymous.

In determining a decedent's mental capacity, the court must inquire whether he had, at the time of the transfer "the faculty to appreciate the character and extent of the devised property" and whether he "comprehend[ed] the nature of the relationship between [himself] and the objects of [his] bounty, and perceiv[ed] the nature and effect of the testamentary act."  In re Estate of Squire, 6 P.3d 1060, 1062-63 (Okla. Ct. App. 1999).  Proof of an insane delusion, by contrast, requires a specific inquiry into whether the challenged transfer resulted from the decedent's belief "in things which do not exist and which no rational mind would believe to exist."  Id. at 1063.  "An insane delusion may exist notwithstanding full mental capacity in other respects."  Winn v. Dolezal, 355 P.2d 859, 861 (Okla. 1960).  Because Mrs. Youn failed to raise the issue of insane delusion

-9-

before the district court, we decline to consider it in the first instance on appeal. See, e.g. , Creative Gifts, Inc. v. UFO , 235 F.3d 540, 545 (10th Cir. 2000) (stating court need not consider issues raised for first time on appeal).

b. Evidence concerning mental capacity

Mrs. Youn next argues that the district court conducted a "trial by affidavit" and failed to view the evidence in her favor as the nonmovant. Oklahoma law presumes that a party entering into a contract has the mental capacity to contract, and the party who contests that fact has the burden of proof. Matthews , 392 P.2d at 373; Cushing v. McWaters , 175 P. 838, 839 (1918). Thus, in order to avoid summary judgment, Mrs. Youn was responsible for presenting evidence sufficient to overcome the presumption of Mr. Youn's mental capacity.

Mrs. Youn challenges the district court's reliance on the affidavit of Dr. Kula, who opined that Mr. Youn was competent when he executed the change of beneficiary form. Mrs. Youn argues that Dr. Kula's statement is incredible because it is based upon an examination dated January 1, 2000, and Mr. Youn committed suicide the next day. As the district court correctly noted, however, insanity cannot be presumed from the mere fact of suicide itself. See Velez v. Metro. Life Ins. Co. , 723 F.2d 7 (10th Cir. 1983) (applying Oklahoma law, in case with factual circumstances similar to this case, to uphold district court judgment that abusive husband had sufficient mental capacity to change beneficiary of life

insurance policy, notwithstanding his suicide approximately one month later).

The district court did not err by relying on Dr. Kula's affidavit.

Mrs. Youn next argues that the district court improperly discounted the affidavit of her own psychologist, R. Keith Green, Ph.D. In this affidavit, Green stated that he had conducted an "initial review" into the circumstances of Mr. Youn's suicide. Appellant's App. at 137. This review consisted of reviewing Dr. Kula's affidavit and discussions with Mrs. Youn and her attorney. See id. Based on this review, Green expressed his professional opinion that "there exists strong basis for concluding that Dr. Youn was not of sound mind and was suffering from a mental disorder in the days immediately preceding his death." Id. He further opined that the disorder "significantly compromised Dr. Youn's mental faculties which most likely caused him to be incapable of making decisions in his own interest and regarding a disposition of his property," and caused Dr. Youn to be a danger to himself and others. Id. Finally, Green indicated that he would like to review "additional medical records and statements of others with respect to Dr. Youn's pre-suicide conduct." Id.

A party responding to a properly-supported summary judgment motion must present affidavits or other forms of acceptable evidence that "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e)

(emphasis added).  Conclusory or self-serving affidavits are insufficient for this purpose.  Murray v. City of Sapulpa, 45 F.3d 1417, 1422 (10th Cir. 1995).

The affidavit of R. Keith Green is conclusory in several respects.  It does not identify the specific facts upon which Green relied for his conclusions. It does not specify the mental disorder from which Green believed Mr. Youn was suffering, or discuss how that mental disorder interfered with his mental capacity to change the beneficiary of his insurance policy.  Finally, it is phrased tentatively, referring to an "initial review" and requesting an opportunity to further review other medical records.  Appellant's App. at 137.  Even if this affidavit would be sufficient to create a genuine issue of material fact concerning Mr. Youn's mental capacity in other contexts, it is insufficient to overcome the presumption built into Oklahoma law that Mr. Youn had the mental capacity to change the beneficiary designation on the Allamerica policy.

Mrs. Youn also complains that the district court improperly discounted evidence she presented concerning Mr. Youn's drug use.  In her affidavit, she stated that "I have . . . discovered since his death, that [Mr. Youn] was taking heavy doses of mind-altering medications which included valium, sonata and vicadin."  Id. at 121.  As the district court noted, however, Mrs. Youn's affidavit does not discuss how these prescription drugs may have affected his state of mind.

It was Mrs. Youn's burden to demonstrate a genuine issue of material fact concerning Mr. Youn's mental capacity in light of the presumption in favor of that capacity. Having conducted a de novo review of all of the evidence, we conclude that Mrs. Youn has failed to demonstrate such a genuine issue of material fact.

2. Delivery of change of beneficiary form

Alternatively, Mrs. Youn argues that the change of beneficiary did not take effect because it was not delivered to Allamerica until after his death. She presented evidence that Mr. Rendles, who mailed and faxed the form to Allamerica, was not an Allamerica agent. She contends that the agency relationship between Mr. Youn and Mr. Rendles did not survive Mr. Youn's death, and Mr. Rendles therefore lacked the authority to deliver the form to Allamerica.

The district court found that Mr. Youn did everything necessary to change the beneficiary of the policy on December 29, 1999, and that Mr. Rendles was merely a courier for the change of beneficiary form. It relied upon language in the policy which validates a change of beneficiary form signed during the beneficiary's lifetime but received by Allamerica after death.       <u>See</u> Appellant's App. at 92. We agree with this analysis. Oklahoma courts have consistently shown a willingness to honor an attempt to change the beneficiary of an insurance

-13-

policy, incomplete at death, where the insured did all he reasonably could to effectuate the change of beneficiary before his death and only ministerial acts remained. See, e.g., Shaw v. Loeffler, 796 P.2d 633, 635 (Okla. 1990); Ivey v. Wood, 387 P.2d 621, 625-26 (Okla. 1963); Bowser v. Bowser, 211 P.2d 517, 520 (Okla. 1949); Harjo v. Fox, 146 P.2d 298, 301 (Okla. 1944) ("The general rule is that where the insured has done all in his power to effect a change of beneficiaries, and after his death only ministerial acts remain to be performed, the courts may regard that as done which ought to have been done and treat the non-performance of such ministerial acts as immaterial.").

Mrs. Youn cites Sands v. Dildine, 54 P.2d 171 (Okla. 1936) for the proposition that delivery to one's agent is never sufficient to establish an actual delivery of a gift inter vivos. Id. at 172. This case is easily distinguished. Sands concerned an alleged gift of bonds which had not been properly endorsed to the donee. "No attempt to comply with these instructions [for transfer] was made by the owner." Id. at 172. Here, by contrast, Mr. Youn completed the appropriate form supplied by the insurance company for transfer of the policy. We conclude, as the district court did, that the Oklahoma courts would regard the delivery as complete as of the date Mr. Youn signed the change of beneficiary form and gave it to Mr. Rendles, there being only the ministerial act of mailing the form to be completed after Mr. Youn's death.

-14-

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.  All pending motions are DENIED.

Entered for the Court


David M. Ebel
Circuit Judge